## A96A1897. TRIPP v. THE STATE.
(476 SE2d 844)

Judge Harold R. Banke.

David Joe Tripp pled guilty to three counts of selling cocaine in violation of the Georgia Controlled Substances Act and received an eight year probated first offender sentence. He appeals the trial court's denial of his motion to withdraw his plea, filed almost two years after the plea's entry.

During the plea hearing, the State announced the charges against Tripp and its recommended sentence. The trial court then explained the maximum sentence, outlined the rights waived by pleading guilty, and warned Tripp of the consequences should his probation be revoked. Tripp's counsel then stated, "Your Honor, I have talked with Mr. Tripp on numerous occasions regarding this incident. I have talked with Mr. Cline and the Sheriff about it. He recognizes these very serious charges. He does have a good job. We wanted to do all that we could to protect that job and give him another chance. And I'd ask the court to consider accepting this recommendation." At that, the court accepted the recommendation and entered the plea and sentence on May 4, 1993.

In February 1995, after being charged with five additional counts of sale of cocaine, Tripp moved to withdraw the plea, arguing that the trial court failed to establish a factual basis for the plea in the record in violation of Uniform Superior Court Rule ("USCR") 33.9. Tripp's first offender probation was subsequently revoked and he received a 20 year concurrent sentence on the three original sales charges. *Held*:

Notwithstanding the State's argument to the contrary and the fact that more than one term of court had expired before Tripp moved to withdraw, we conclude that the trial court had jurisdiction to consider Tripp's motion. Although a superior court's jurisdiction to consider a motion to withdraw a guilty plea ends after the term of court in which the judgment of conviction is rendered, judgments of convic-

tion are not entered in cases proceeding under the First Offender Act unless the defendant violates the terms of his probation. OCGA §§ 16-13-2 (a); 42-8-60 (b); *Stuckey v. State*, 204 Ga. App. 793, 794 (1) (420 SE2d 655) (1992). Inasmuch as the sentencing court retains jurisdiction for resentencing, it follows that jurisdiction to consider a motion to withdraw is also retained. See *State v. Boyd*, 189 Ga. App. 617, 618 (377 SE2d 11) (1988).

Turning to the merits, we find that the trial court violated USCR 33.9 by failing to ensure that the record included a factual basis for the plea.[1] While Rule 33.9 does not mandate a specific inquiry about the factual basis of the plea at the plea hearing, the trial court must make clear on the plea hearing record that it is relying on the information contained in parts of the record other than the hearing transcript which establish the plea's factual basis. *State v. Evans*, 265 Ga. 332, 335 (2) (454 SE2d 468) (1995). Although the instant record includes an affidavit in support of an application for a search warrant which details the factual basis for the plea, at the plea hearing the court made no inquiry about the plea's factual basis and did not refer to the affidavit. The affidavit was not introduced at the plea hearing and there is no record evidence that the court was aware of the affidavit. Nor did the State's opening statement refer to the affidavit or the plea's factual basis. On this record, we cannot say the trial court subjectively satisfied itself as to the factual basis for the plea. Id.

This finding does not mandate reversal, however, because the denial of Tripp's motion did not engender manifest injustice as contemplated by USCR 33.12. Id. at 336. This is so because the affidavit supporting the search warrant application provides a more than adequate factual basis for the crimes. Id. Moreover, at the plea hearing, defense counsel specifically stated that he had discussed the charges with Tripp on numerous occasions.

*Judgment affirmed. McMurray, P. J., concurs. Ruffin, J., concurs in the judgment only.*

DECIDED OCTOBER 4, 1996.

*Keaton & Lombardo, Barry V. Lombardo, W. Dan Roberts*, for appellant.

*Fredric D. Bright, District Attorney, Shelley S. Tice, Assistant*

---

[1] Rule 33.9 states: "[n]otwithstanding the acceptance of a plea of guilty, the judge should not enter a judgment upon such plea without making such inquiry on the record as may satisfy him that there is a factual basis for the plea."