**Markell D. BOULIS, D.C., Petitioner,**

v.

**STATE BOARD OF CHIROPRACTIC, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Nov. 17, 1998.
Decided April 14, 1999.

Arthur Bloom, Pittsburgh, for petitioner.

Deborah B. Eskin, Harrisburg, for respondent.

Before SMITH, J., FRIEDMAN, J., and RODGERS, Senior Judge.

RODGERS, Senior Judge.[1]

Markell D. Boulis, D.C., petitions for review of an order of the State Board of Chiropractic (Board) suspending Boulis's license to practice chiropractic.[2] We affirm.

Boulis was granted a license to practice chiropractic in Pennsylvania on November 12, 1991. In September of 1991, the state of Georgia charged Boulis with trafficking cocaine and with possession of cocaine with intent to distribute. On December 1, 1993, a jury impaneled by the Superior Court of Cobb County, Georgia (Ga. Superior Court) found Boulis guilty of possession of cocaine with intent to distribute and not guilty of trafficking cocaine. On December 20, 1993, the Ga. Superior Court sentenced Boulis to prison for thirty years with five years to be served and twenty-five years on probation and assessed a fine of $50,000. Boulis then petitioned the Ga. Superior Court to modify his sentence under Georgia's Probation for First Offender Act (Ga. First Offender Act).[3]

---

1. This opinion was reassigned to the author on February 17, 1999.

2. The Board's order removed the stay on the automatic suspension of Boulis's chiropractic license. The order also stated that Boulis's chiropractic license is not subject to reinstatement until at least January 24, 2004.

3. Ga.Code Ann. §§ 42–8–60–42–8–66.

At the January 21, 1994, re-sentencing hearing, Boulis stated, "It was my cocaine. I purchased it, and I was going to distribute it." Subsequently, the Ga. Superior Court granted Boulis first offender status under the Ga. First Offender Act. As a result of this status, the Ga. Superior Court modified its December 30, 1993, sentence, declared that no judgment of guilt would be imposed at that time and deferred further proceedings. The amended sentence requires Boulis to serve the twenty-five year probation under the Ga. First Offender Program, conditioned upon payment of a $100,000 penalty, a $50,000 surcharge, and twelve months confinement in the Cobb County jail. That twelve-month imprisonment was suspended upon Boulis's payment of $200,000 to the Marietta–Cobb–Smyrna Narcotics Unit, six months confinement and his payment of the costs of that confinement in Allekiski Pavilions Diversion Center located in Pennsylvania. The record does not indicate whether Boulis has completed the six-month period at Allekiski Pavilions; Boulis currently is serving his twenty-five year probation.

On August 16, 1994, the Board issued a Notice and Order of Automatic Suspension automatically suspending Boulis's license to practice chiropractic pursuant to Section 506(e) of the Chiropractic Practice Act (Chiropractic Act),[4] based upon his Georgia felony conviction. Subsequently, Boulis filed a petition for review with this Court, challenging his license suspension. Boulis also requested a stay of his suspension, which the Board granted on October 6, 1994. On that same day, counsel for the Board and Boulis filed a joint application with this Court seeking remand to the Board for a hearing, which this Court granted. On January 12, 1995, a formal hearing was held before the Board for the purpose of determining whether a "conviction" existed that mandated the automatic suspension of Boulis's license.

On March 31, 1998, the Board issued a decision and order suspending Boulis's chiropractic license. In its decision, the Board found that the December 1, 1993, and December 20, 1993, court proceedings and orders, and Boulis's statements at his January 21, 1994, re-sentencing hearing in Georgia for possession of cocaine with intent to distribute, each constitutes a felony drug "conviction" warranting the automatic suspension of Boulis's license under Section 506(e) of the Chiropractic Act. The Board concluded that, had Boulis committed this crime in Pennsylvania, it would be a felony under Section 13 of Pennsylvania's Controlled Substance, Drug, Device and Cosmetic Act,[5] and thus, Section 506(e) of the Chiropractic Act authorized the Board to automatically suspend Boulis's license. Accordingly, the Board suspended Boulis's license to practice chiropractic, effective April 30, 1998. Boulis challenged the suspension by filing a petition for review of the order with this Court.[6]

Boulis asserts that, because Section 506(e) of the Chiropractic Act states that one's license shall automatically be suspended upon "conviction of an offense under the laws of another jurisdiction," the

---

4. Act ·of December 16, 1986, P.L. 1646, *as amended*, 63 P.S. § 625.506(e). That section provides in pertinent part:

> A license issued under this act shall automatically be suspended upon … conviction of an offense under the laws of another jurisdiction, which, if committed in Pennsylvania, would be a felony under the Controlled Substance, Drug, Device and Cosmetic Act. As used in this subsection the term "conviction" shall include a judgment, an admission of guilt or a plea of nolo contendre.

5. Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. § 780–113.

6. Our scope of review is limited to determining whether constitutional rights have been violated, whether an error of law has been committed or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Tandon v. State Board of Medicine*, 705 A.2d 1338 (Pa.Cmwlth.1997), *petition for allowance of appeal denied*, —— Pa. ——, 727 A.2d 134 (1998).

Board was required to look to Georgia law to determine whether Boulis had been "convicted." Boulis argues he had no judgment, admission of guilt or plea of guilty or nolo contendre in Georgia because he was granted first offender status pursuant to the Ga. First Offender Act and so was not convicted under Georgia law.

■ We note, however, that Boulis's conviction existed as a judgment prior to his first offender sentence and remains in effect in Georgia until Boulis fulfills the terms of his probation.[7] In Pennsylvania, probation without a verdict is a conviction for which a license is properly suspended. *Horvat v. Department of State,* 128 Pa. Cmwlth. 546, 563 A.2d 1308 (1989). Boulis is licensed to practice his profession here. It is the conditions set forth in Section 506(e) of the Chiropractic Act that control when his license should be granted, suspended or revoked. That section does not require that the conviction exist at the time of the automatic suspension, only that it did exist at some time.

Boulis's statements at his re-sentencing hearing that it was his cocaine, he purchased it, and was going to distribute it are significant. These statements are sufficient to uphold his license suspension under Section 506(e) of the Chiropractic Act, as they constitute admissions of guilt.

Boulis next makes several arguments asserting that his due process rights were violated. We address each below.

■ First, Boulis argues the Board did not provide an impartial panel. The Chiropractic Act requires that five members of the State Board of Chiropractic be licensed to practice chiropractic in Pennsylvania and have been engaged in the full-time practice of it here for at least five years before their appointment. Section 301(a)(4) of the Chiropractic Act, 63 P.S.

§ 625.301(a)(4). This Court has affirmed the need for Boulis to show that the Board's chiropractor members receive a pecuniary benefit great enough to create an impermissible personal interest on their part. *Reisinger v. State Board of Medical Education and Licensure,* 41 Pa.Cmwlth. 553, 399 A.2d 1160 (1979). Boulis has not shown the required pecuniary benefit or any bias, and we conclude Boulis's Board panel was impartial.

■ Boulis next alleges that the Board commingled its adjudicatory and prosecutorial functions by allowing the person who represented the Board in the first remand application to then sit on the Board as well as act as hearing examiner. Here, however, Boulis's allegations are incorrect. Counsel for the Board does not sit on the Board and adjudicate or prosecute cases. Counsel's role is to provide legal advice, conduct hearings, make evidentiary rulings in the hearing, and represent the Board when its decision is appealed. *Lily–Penn Food Stores, Inc. v. Milk Marketing Board,* 84 Pa.Cmwlth. 585, 481 A.2d 683 (1984). Advocacy of the Board's decision in this Court does not constitute impermissible commingling of functions or a decision to prosecute. Neither the Board's counsel, nor the Board itself, combined adjudicative functions or participated in the decision to prosecute. *Lyness v. State Board of Medicine,* 529 Pa. 535, 605 A.2d 1204 (1992).

■ Boulis's third due process argument alleges that the Board violated his rights when it first suspended his license in August 1994 without a hearing and, even though a hearing eventually occurred, that due process violation was not cured. This Court has, however, established that a professional license may be automatically suspended without prior notice and a hearing. *Firman v. Department of State,*

---

7. It also appears that, had he tried, Boulis would not have been able to practice his profession in Georgia either. The Georgia statute governing sanctions against licensed persons for offenses involving controlled substances defines conviction as including the "affording of first offender treatment by a court of competent jurisdiction." Ga.Code Ann. § 16–13–110(a)(2).

*State Board of Medicine,* 697 A.2d 291 (Pa.Cmwlth.1997), *petition for allowance of appeal denied,* 550 Pa. 722, 706 A.2d 1215 (1998). Here, when the Board was alerted to the fact that the issue of Boulis's conviction was unsettled, it participated with him in the joint petition for remand. Further, once the Board established Boulis's conviction, the statute mandated an automatic suspension of his license.

Boulis also complains that he did not receive notice or an opportunity to be heard when the Board, now comprised of some new members, approved the adjudication and order and removed the stay on his suspension in March 1998. The Board counters that this Court has allowed a process whereby Board members may adjudicate a case without being at the hearing as long as they review the record. *Cavanaugh v. Fayette County Zoning Hearing Board,* 700 A.2d 1353 (Pa. Cmwlth.1997). The Board deliberated on the record made at the hearing and approved the adjudication and order at a regularly scheduled public meeting in executive session.

Boulis asserts next that the thirty-eight-month delay between his hearing and the date his license was suspended has prejudiced him and is a violation of his due process. The Board responds that Boulis did not ask the Board for reconsideration or a stay pending this appeal. Laches is an affirmative defense in a disciplinary action and must be proven by the party asserting it. *Weinberg v. State Board of Examiners of Public Accountants,* 509 Pa. 143, 501 A.2d 239 (1985). The mere passage of time does not meet Boulis's burden of proof or demonstrate a lack of due diligence by the Board. *Kindle v. State Board of Nurse Examiners,* 512 Pa. 44, 515 A.2d 1342 (1986). The Board's decision to suspend Boulis's license was a sound exercise of its discretion and, in the absence of bad faith, fraud, capricious action or abuse of power, is not

reviewable by this Court. *Slawek v. State Board of Medical Education and Licensure,* 526 Pa. 316, 586 A.2d 362 (1991).

Finally, Boulis argues that his license suspension by the Board violated the Double Jeopardy Clause.[8] However, double jeopardy does not apply to administrative licensure proceedings. *Hudson v. United States,* 522 U.S. 93, 118 S.Ct. 488, 139 L.Ed.2d 450 (1997) (subsequent criminal prosecution for conduct that had earlier resulted in occupational debarment not barred by the Double Jeopardy Clause because earlier proceedings civil, not criminal, in nature); *Nicoletti v. State Board of Vehicle Manufacturers, Dealers and Salespersons,* 706 A.2d 891 (Pa.Cmwlth. 1998) (revocation of license purely remedial civil penalty and does not implicate the Double Jeopardy Clause). The automatic suspension provision here is remedial and the Board correctly carried out its mandate to protect the public when Boulis was convicted of an offense that would be a felony under the Pennsylvania Controlled Substance, Drug, Device and Cosmetic Act.

Accordingly, the Board's order suspending Boulis's license to practice chiropractic is affirmed.

## ORDER

AND NOW, this 14th day of April, 1999, the order of the State Board of Chiropractic, dated March 31, 1998, at Docket No. 0110–MISC–94, File No. 94–43–00958, is hereby affirmed.

FRIEDMAN, Judge, dissenting.

I respectfully dissent. Because I believe that Markell D. Boulis, D.C., has not been "convicted" under Georgia law, I would conclude that the State Board of Chiropractic (Board) erred in suspending Boulis's chiropractic license under section 506(e) of the Chiropractic Practice Act

8. U.S. Const. amend. V.

(Chiropractic Act),[1] 63 P.S. § 625.506(e), based upon his Georgia felony "conviction."

Section 506(e) provides, in relevant part: **Automatic suspension.**—A license issued under this act shall automatically be suspended upon ... conviction of an offense under the laws of another jurisdiction, which, if committed in Pennsylvania, would be a felony under The Controlled Substance, Drug, Device and Cosmetic Act. As used in this subsection the term "conviction" shall include a judgment, an admission of guilt or a plea of nolo contendere.

63 P.S. § 625.506(e).[2]

As argued by Boulis, because 63 P.S. § 625.506(e) states that one's license shall automatically be suspended upon "conviction of an offense under the laws of another jurisdiction," the Board was required to look to Georgia law to determine whether Boulis had been "convicted." Boulis then asserts that, because of his first offender status, granted pursuant to Georgia's Probation for First Offender Act (First Offender Act),[3] there was no judgment and, thus, no conviction under Georgia law. Boulis further contends that the Board's conclusion that he was convicted fails to give effect to an official act of Georgia and, thus, violates the Full Faith and Credit Clause of the United States Constitution, U.S. Const. art. IV, § 1. I would agree.

"The authority of the Commonwealth to regulate those engaging in [the medical] profession is inherent as a sovereign state, and it is a valid exercise of its police power."[4] *Tandon v. State Board of Medicine,* 705 A.2d 1338, 1348 (Pa.Cmwlth. 1997), *appeal denied,* —— Pa. ——, 727 A.2d 134 (1998). It is as part of this regulatory power that the legislature has authorized the automatic suspension of a chiropractic license issued in Pennsylvania where the license holder is convicted of an offense under the laws of another jurisdiction, which, if committed in Pennsylvania, would be a felony under The Controlled Substance, Drug, Device and Cosmetic Act (Drug Act).[5] 63 P.S. § 625.506(e). Further, the legislature provided that the term "conviction" includes "a judgment, an admission of guilt or a plea of nolo contendere." 63 P.S. § 625.506(e).

By virtue of the fact that the conviction occurs in another state, the Full Faith and Credit Clause of the United States Constitution, U.S. Const. art. IV, § 1, is necessarily implicated. The Full Faith and Credit Clause provides, "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State." U.S. Const. art. IV, § 1. Accordingly, we must look to Georgia law to determine whether Boulis was, in fact, "convicted." Unlike the Board and the majority, I conclude that he was not.

In Georgia, "the court may without entering a judgment of guilt ... defer further proceedings and place [the defendant] on probation." Ga.Code Ann. § 16–13–2. Indeed, "judgments of conviction are not

---

1. Act of December 16, 1986, P.L. 1646, *as amended,* 63 P.S. §§ 625.101–625.1106.

2. "Under Pennsylvania's Controlled Substance, Drug, Device and Cosmetic Act, the offense of possession of cocaine with intent to distribute is a felony. 35 P.S. § 780–113(a)(3),(f)(1.1)." (Board's Findings of Fact, No. 6.)

3. Ga.Code Ann. §§ 42–8–60–42–8–66.

4. There is perhaps no profession more properly open to such regulation than that which embraces the practitioners of medicine. Dealing, as its followers do, with the lives and health of the people, and requiring for its successful practice general education and technical skill, as well as good character, it is obviously one of those vocations where the power of the State may be exerted....
*Tandon v. State Board of Medicine,* 705 A.2d 1338, 1348, n. 8 (Pa.Cmwlth.1997), *appeal denied,* —— Pa. ——, 727 A.2d 134 (1998) (quoting *Watson v. State of Maryland,* 218 U.S. 173, 176, 30 S.Ct. 644, 54 L.Ed. 987 (1910)).

5. Act of April 14, 1972, P.L. 233, *as amended,* 35 P.S. §§ 780–101–780–144.

entered in cases proceeding under the First Offender Act unless the defendant violates the terms of probation." *Tripp v. State,* 223 Ga.App. 73, 73–74, 476 S.E.2d 844, 846 (1996). Furthermore, once the defendant fulfills the terms of probation, the "defendant shall not be considered to have a criminal conviction." Ga.Code Ann. § 42–8–62; *see Priest v. State,* 261 Ga. 651, 409 S.E.2d 657 (1991) (holding that a defendant who is given first offender treatment has not been convicted).

In passing the First Offender Act, it was the Georgia General Assembly's intention to give trial judges authority to permit certain defendants, whom the judges believed worthy, the opportunity to avoid a record of an adjudication of guilt for a criminal offense by serving a period of probation which, if successfully completed, would result in complete exoneration without an adjudication of guilt. Georgia Opinion Attorney General No. 80–79 (1980); Georgia Opinion Attorney General No. U78–21 (1978).

> A person who successfully completes or has his period of probation under the First Offender Act terminated prior to the initial discharge date is completely absolved of any criminal purpose, which means there is no adjudication of guilt. Additionally, since there is no adjudication of guilt, there is no criminal conviction.

Georgia Opinion Attorney General No. U78–21.

Nevertheless, the Board and the majority conclude that Boulis's statements at his January 21, 1994 re-sentencing hearing constitute an "admission of guilt," and

therefore, Boulis was "convicted." The Board and majority assert that these statements alone are sufficient to uphold Boulis's license suspension.

In taking this position, however, the Board and majority view the Georgia Superior Court's jury verdict and Boulis's statements at his re-sentencing hearing in a vacuum rather than considering the totality of the circumstances, keeping in mind the purpose of Georgia's First Offender Act.

I note the importance of the sequence of events here. After the jury verdict of guilty,[6] Boulis was sentenced. Then, despite the jury's verdict and Boulis's statements, Boulis was re-sentenced and granted first offender status.[7] Contrary to the majority, I believe the granting of first offender status has the effect of negating the preceding jury verdict, sentence and statement made at the re-sentencing hearing unless Boulis fails to successfully complete the terms of his probation.[8] Indeed, Boulis's sentence itself illustrates that the granting of first offender status nullifies these preceding events; the sentence states, "it is the judgment of the Court that *no judgment of guilt be imposed* at this time, but that further proceedings are deferred . . . ." (O.R. Item 11) (emphasis added). *See* Ga.Code Ann. § 42–8–60. Thus, I conclude that, by virtue of his first offender status, Boulis has no "conviction." *See* Ga.Code Ann. § 42–8–63 (stating that a discharge under this article is not a conviction and may not be used to disqualify a person in any application for employment); *cf. Priest* (holding that the First

---

6. I note that Boulis did not make the statements, which the Board and majority argue are "admissions of guilt," until after the jury's verdict.

7. Boulis first "admitted guilt" when he appeared at his re-sentencing hearing seeking first offender status; thus, it appears that Boulis may have been required to make these "admissions" to be accepted into the first offender program.

8. In concluding otherwise, the majority takes the position that there was a judgment against Boulis, reasoning that Boulis's conviction, which existed as a judgment prior to his first offender status, remains in effect until Boulis fulfills the terms of his probation. Further, the majority asserts that Boulis's statements at his re-sentencing hearing constitute admissions of guilt which, by themselves, support the automatic suspension of Boulis's chiropractic license.

Offender Act allows one to enter a guilty plea without being deemed to have an adjudication of guilt; thus, a guilty plea under the First Offender Act is not a "conviction" within the usual meaning of that term). Moreover, if Boulis successfully fulfills the terms of his probation, he will never have a conviction.[9] Ga.Code Ann. § 42–8–62; cf. *Laughlin v. Department of Transportation, Bureau of Driver Licensing,* 719 A.2d 850 (Pa.Cmwlth.1998) (giving full faith and credit to Maryland law which provides that "probation before judgment" is not a conviction and, thus, denying suspension of driver's license under interstate compact).

Accordingly, because I believe the Board erred in suspending Boulis's license where Boulis was not "convicted" under Georgia law, I would reverse the Board's order and reinstate Boulis's chiropractic license.[10]

**9.** As the majority noted, because Boulis is licensed in Pennsylvania, it is the conditions set forth in the Pennsylvania statute which control when his license should be granted, suspended or revoked. The Pennsylvania legislature did not include those who fall within a first offender program or a similar type of program within the class of individuals who should be deemed "convicted." Thus, it is irrelevant that Georgia's statute governing sanctions against licensed persons for drug offenses defines conviction as including the affording of first offender treatment. Ga. Code Ann. § 16–13–110(a)(2). Moreover, this provision in the Georgia statutes appears to be an anomaly; indeed, as is apparent from the other statutory provisions and caselaw cited, a person granted first offender status generally is not deemed to be "convicted."

**10.** Boulis raised numerous other issues concerning due process and double jeopardy violations. However, because of the disposition I would reach, I do not address those issues.