## A03A2551. BIELEN v. THE STATE.
(595 SE2d 543)

JOHNSON, Presiding Judge.

Robert Bielen was indicted for terroristic threats, family violence battery, aggravated assault, cruelty to children, and six counts of simple battery. Pursuant to a negotiated plea agreement, Bielen pled guilty to terroristic threats and family violence battery, and the state dropped the other charges. The trial court accepted the negotiated sentencing recommendation and ordered Bielen to serve concurrent sentences of twelve months in confinement for the family violence

---

offense and three years in confinement followed by one year on probation for the terroristic threats offense. More than four months after pleading guilty, Bielen moved to withdraw his plea on the ground that his attorney had been ineffective. The trial court denied the motion. Bielen appeals, claiming that the trial court erred in failing to find that he received ineffective assistance of counsel. The claim is without merit, so we affirm the trial court's refusal to allow a withdrawal of the guilty plea.

1. Bielen contends that he should be allowed to withdraw his guilty plea because his trial counsel was ineffective in advising him to plead guilty to terroristic threats after the trial court failed to determine that there was a factual basis for the plea as required by Uniform Superior Court Rule 33.9. Contrary to Bielen's contention, his attorney was not ineffective and the trial court did not err in denying his motion to withdraw his guilty plea.

USCR 33.9 does require a trial court to determine that there is a factual basis for a guilty plea.[1] The rule provides: "Notwithstanding the acceptance of a plea of guilty, the judgment should not be entered upon such plea without such inquiry on the record as may satisfy the judge that there is a factual basis for the plea."[2] A trial court may glean the factual basis for a plea from facts put on the record at the guilty plea hearing, or the court may learn the factual basis from parts of the record outside the plea hearing so long as the court makes clear on the plea hearing record that it is relying on those other parts of the record and so long as those parts are included in the record for appeal.[3]

At the plea hearing in the instant case, the trial court made no mention of any part of the record outside the hearing, so we must presume that the court relied only on the facts established at the plea hearing. At the hearing, Bielen admitted to the court that he had threatened to commit bodily harm against the victim. But that admission was the only evidence concerning the terroristic threats charge. There was no statement of exactly what the threats were, nor was there an explanation of the precise circumstances surrounding how, when, where, and why the threats were made.

Given the facts presented at the plea hearing, we agree with the state's concession in its appellate brief that it failed to clearly establish the factual basis for Bielen's guilty plea to terroristic threats. The crime of terroristic threats requires not only that a person threatens to commit a crime of violence, but also that the threat be

---

[1] *State v. Evans*, 265 Ga. 332, 333-334 (1) (454 SE2d 468) (1995).
[2] USCR 33.9.
[3] *Evans*, supra at 334-335 (2).

made for the purpose of terrorizing another person.[4] The court here, based on Bielen's admission, was authorized to find as fact that Bielen threatened the victim with bodily harm. But absent some direct or circumstantial evidence as to the purpose of such threats, there is no factual basis from which the court could have satisfied itself that Bielen's purpose was to terrorize the victim.[5]

Nevertheless, a violation of USCR 33.9 does not necessarily mandate the grant of a motion to withdraw a guilty plea.[6] Under USCR 33.12, after sentence is imposed, a guilty plea may be withdrawn only to correct a manifest injustice.[7] The Supreme Court of Georgia has held that there is no manifest injustice where, despite a violation of USCR 33.9, there is evidence in the record establishing a factual basis for the crime in question.[8] Even though such evidence may not be relied on to conclude that the trial court made a subjective finding as to the factual basis, an appellate court is free to rely on it in concluding that withdrawal of a guilty plea is not necessary to correct a manifest injustice.[9]

The record in the instant case contains evidence outside the plea hearing which establishes a factual basis for the crime of terroristic threats. That evidence is the victim's testimony given at a bond reduction hearing held several months prior to the plea hearing and held before the same judge who presided over the plea hearing. At that bond hearing the victim, who had been married to Bielen, testified that he accused her of cheating on him, hit her with his fist and with a baseball bat, kicked her, and choked her. He threatened her with a knife and also threatened her life. He pointed a gun at her head and said that before he would let anyone keep his children away from him, he would kill her, kill the children, and then kill himself. Because the victim's testimony provides a factual basis for the crime of terroristic threats, the USCR 33.9 violation does not rise to the level of a manifest injustice requiring a withdrawal of the guilty plea.[10]

Likewise, Bielen cannot show that his trial counsel was ineffective in failing to object to an error by the trial court that itself was not a manifest injustice. To prevail on a claim of ineffective assistance of counsel, Bielen must show both that his attorney's performance was deficient and that but for the attorney's unprofessional errors there is a reasonable probability the result of the plea hearing

---

[4] OCGA § 16-11-37 (a).
[5] Compare *Jordan v. State*, 214 Ga. App. 346, 347 (447 SE2d 341) (1994).
[6] *Evans*, supra at 335 (3).
[7] Id. at 336.
[8] Id.
[9] Id.
[10] See *Tripp v. State*, 223 Ga. App. 73, 74 (476 SE2d 844) (1996).

would have been different.[11] Bielen claims that his attorney was deficient in failing to challenge the USCR 33.9 violation and that the deficiency harmed him because he would not have pled guilty to the charge had he known of the violation. However, even if Bielen's counsel was deficient in not objecting to the lack of a factual basis for terroristic threats, the trial court was authorized to find that such a deficiency did not affect the outcome of the guilty plea hearing.

The question of whether to permit a guilty plea withdrawal rests in the sound discretion of the trial court and will not be disturbed absent a manifest abuse of that discretion, and any questions of credibility are for the trial court's determination.[12] At Bielen's plea withdrawal hearing, the trial court, as the finder of facts, was not obligated to accept as true any claim by Bielen that he would not have pled guilty had his lawyer raised the USCR 33.9 violation. Rather, the court could have found that such a claim by Bielen is not credible, and could have instead relied on other evidence to conclude that Bielen knew what he was pleading guilty to and would not have changed his plea based solely on a USCR 33.9 violation.

Bielen himself testified at the plea withdrawal hearing that before his plea he had read the indictment charging him with terroristic threats, had known what the state's evidence on that charge was, and had been present at the earlier bond reduction hearing when his wife testified about the acts he had committed against her. Bielen's trial counsel further testified at the plea withdrawal hearing that he had gone over the indictment with Bielen, had explained the elements of the crime of terroristic threats to him, and had discussed the state's evidence with him. Moreover, the record contains Bielen's signed guilty plea petition, in which he stated that his attorney had read and explained the indictment to him, that he fully understood the matters set forth in the indictment, and that he was freely and voluntarily entering his guilty plea.

Based on the evidence, the trial court was authorized to find that Bielen fully understood the elements of the terroristic threats charge, that he knew there was a factual basis to support the charge, and that there is not a reasonable probability that but for his attorney's failure to challenge the USCR 33.9 violation the result of the guilty plea hearing would have been different. The trial court therefore committed no error in ruling that Bielen received effective assistance of counsel and is not entitled to withdraw his guilty plea.

2. Bielen also argues that his trial counsel was ineffective in that he did not address Bielen's mistaken belief that he would definitely

---

[11] See *McCants v. State*, 222 Ga. App. 75, 77-78 (1) (473 SE2d 514) (1996).

[12] *Johnson v. State*, 260 Ga. App. 897, 899 (1) (581 SE2d 407) (2003); *Craft v. State*, 234 Ga. App. 305, 307 (2) (506 SE2d 663) (1998).

be paroled out of a state prison quicker than he would get out of a county jail. Bielen testified at the plea withdrawal hearing that officers at the county jail where he was confined prior to his guilty plea had told him he would only have to serve one-third of a state prison sentence. Bielen therefore told his attorney that he wanted to reject the state's offer of a six-year sentence, which included two years in the county jail followed by four years on probation, and instead wanted to serve a four-year sentence of three years in a state prison and one year on probation. Bielen claimed that his lawyer gave him no advice on the matter and simply said that it was Bielen's decision.

Bielen's trial counsel refuted the claim that he did not advise Bielen on the matter. The attorney testified at the plea withdrawal hearing that he had negotiated the original plea agreement of a six-year sentence with only two years in the county jail, but right before the guilty plea was to be entered Bielen brought up the idea of the four-year sentence with three years to serve in state prison. The attorney urged Bielen to stick with the original agreement, but Bielen insisted on the four-year deal because he did not like the county jail conditions and he believed that in the state system he would only have to do one-third of his sentence before being released on parole.

The attorney testified that he explained to Bielen that under state parole guidelines he would be eligible for parole consideration after serving one-third of his time, but there was no guarantee he would actually be paroled at that time.[13] Moreover, the attorney told Bielen he would probably get out of the county jail quicker than he would be paroled from a state prison. The attorney explained that since Bielen had already been in the county jail for about six months at the time of the plea, he would likely be released from there in another six months based on good behavior and time already served. Nevertheless, Bielen refused the attorney's advice to proceed with the original sentencing agreement and instead insisted that the attorney propose the four-year sentencing option to the state. The attorney did so, and the state accepted the proposal.

Based on the conflicting testimony between Bielen and his attorney, the trial court, as the judge of witness credibility at a plea withdrawal hearing, was authorized to reject Bielen's claim that his lawyer did not advise him on the sentencing options.[14] Contrary to Bielen's claim, there is sufficient evidence to support a finding that the attorney fully and accurately discussed the issue with Bielen,

[13] See OCGA § 42-9-45 (b).
[14] See *Johnson,* supra; *Craft,* supra.

and that Bielen ignored his counsel's advice on the matter. The trial court therefore did not abuse its discretion in finding that Bielen's trial counsel was not ineffective and in denying the plea withdrawal motion.

*Judgment affirmed. Eldridge and Mikell, JJ., concur.*

DECIDED FEBRUARY 12, 2004 —
RECONSIDERATION DENIED FEBRUARY 26, 2004 ▮▮▮▮▮▮▮

*Morton M. Wiggins III*, for appellant.

*Kenneth W. Mauldin, District Attorney, Anna W. Davis, Assistant District Attorney*, for appellee.