A09A1648. BRUNDIDGE v. THE STATE.
(691 SE2d 339)

DOYLE, Judge.

Mario Brundidge, pro se, appeals from an order dismissing his motion to withdraw a 1997 guilty plea and denying his motion to vacate a void judgment. For the reasons that follow, we affirm.

In 1997, Brundidge entered a first-offender guilty plea to a six-count indictment related to the theft of two automobiles. In 2005, Brundidge pleaded guilty to a 54-count indictment alleging armed robberies, hijacking a vehicle, kidnapping, attempted rape, firearms charges, and other violent charges. That indictment included a recidivist statement alleging that he had been convicted of the 1997 felonies as well as a 2003 felony count of fleeing to elude a police officer.

In the case before us, Brundidge in 2008 filed a pro se motion to withdraw his 1997 guilty plea, which he argued supported certain

---

charges in the 2005 indictment based on his status as a felon.[1] He also moved to vacate his 2005 conviction. The trial court dismissed his motion to withdraw and denied his motion to vacate, giving rise to this appeal.

1. With respect to Brundidge's motion to withdraw his first offender guilty plea, we note that Brundidge relied on OCGA § 17-7-93 (b), which provides in relevant part that "[a]t any time before judgment is pronounced, the accused person may withdraw the plea of 'guilty' and plead 'not guilty'; and the former plea shall not be admissible as evidence against him at his trial." Based on the lack of a final adjudication of guilt for his 1997 indictment,[2] Brundidge sought to withdraw that guilty plea 11 years later. However,

> [a]lthough OCGA § 17-7-93 (b) provides that a defendant may withdraw the plea of "guilty" and plead "not guilty" at any time before judgment is pronounced, it does not apply to pleas resulting in treatment as a first offender. To allow a defendant to retain the right to withdraw his plea despite his first offender status would completely subvert the provisions of the First Offender Act and to so hold would constitute an abuse of the statute enacted for the benefit of first offenders, and thus permit them, after the passage of months and even years, and after witnesses are gone or dispersed, or even dead, to withdraw a plea of guilty. . . .[3]

Therefore, we discern no reversible error here.[4]

2. With respect to Brundidge's motion to vacate a void judgment, the Supreme Court of Georgia has recently clarified that "a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case," and is therefore subject to dismissal.[5] Accordingly, this enumeration presents no basis for reversal.

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

---

[1] Brundidge does not address the other prior felonies alleged in the 2005 indictment.

[2] See OCGA § 42-8-62 (a) ("Upon fulfillment of the terms of probation, upon release by the court prior to the termination of the period thereof, or upon release from confinement, the defendant shall be discharged without court adjudication of guilt.").

[3] (Punctuation and footnote omitted.) *Winkles v. State*, 275 Ga. App. 351, 352 (1) (620 SE2d 594) (2005). See also *State v. Stinson*, 278 Ga. 377, 379 (602 SE2d 654) (2004) ("The Court of Appeals rightly reasoned that to accept that [the defendant] retained the right to withdraw his guilty plea [four years later] was to completely subvert the provisions of the First Offender Act and was therefore, 'untenable.' "); *Fair v. State*, 245 Ga. 868, 877 (8) (268 SE2d 316) (1980).

[4] To the extent that the analysis in *Tripp v. State*, 223 Ga. App. 73, 74 (476 SE2d 844) (1996), differs from that here, it is physical precedent only and not binding authority. See Court of Appeals Rule 33 (a).

[5] *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009).

DECIDED FEBRUARY 25, 2010.

Mario D. Brundidge, *pro se.*
*Julia F. Slater, District Attorney, Sadhana P. Dailey, Assistant District Attorney*, for appellee.