## A11A2093. SIMMONS v. THE STATE.
(726 SE2d 573)

PHIPPS, Presiding Judge.

Jonathan Simmons appeals the trial court's order denying his motion to withdraw his negotiated plea of guilty to possession of a controlled substance (hydrocodone), possession of marijuana, and improper turn. The trial court held that the motion to withdraw, filed in 2011, was untimely for purposes of withdrawing the guilty plea, which was entered in 2004. We agree. Accordingly, we affirm the judgment of the trial court denying the motion to withdraw. The record also shows, however, that after Simmons violated the terms of his first offender probation, the trial court, in 2007, entered a ten-year probated sentence for possession of a controlled substance. Because the trial court imposed a sentence not allowed by law, the sentence is void, and we remand the case with direction that Simmons be resentenced.

The record shows that on April 6, 2004, Simmons entered a negotiated plea of guilty to possession of a Schedule III controlled substance (hydrocodone),[1] misdemeanor possession of marijuana,[2] and improper turn.[3] He was afforded first offender treatment and sentenced to three years for possession of a controlled substance (hydrocodone), twelve months for possession of marijuana, and twelve months for improper turn, with the sentences to run concurrently and to be served on probation. Following an April 19, 2007, hearing on the state's claim that Simmons had violated the terms of his probation,[4] the trial court entered an adjudication of guilt on the offenses for which Simmons had received probation under the First Offender Act.[5] The trial court then sentenced Simmons to ten years probation for possession of a controlled substance,[6] subject to his service of 360-400 days in a Georgia Department of Corrections detention facility, among other conditions,[7] and entered the final disposition thereof on April 20, 2007.

---

[1] OCGA § 16-13-30 (g).

[2] OCGA §§ 16-13-30 (j) (1); 16-13-2 (b).

[3] OCGA § 40-6-120.

[4] On December 6, 2006, Simmons had previously stipulated to a different violation of his probation, but the trial court continued him on probation under the First Offender Act, subject to service of 180-210 days in a probation detention center.

[5] OCGA § 42-8-60 et seq.

[6] Simmons was also sentenced to 12 months for possession of marijuana and 12 months for improper turn, to be served on probation and concurrently with the sentence for possession of a controlled substance (hydrocodone).

[7] The trial court also gave Simmons credit for time served on probation before the adjudication of guilt.

On May 10, 2011, Simmons filed a motion to withdraw guilty plea on the ground that his sentence was not permitted by law, he did not knowingly and voluntarily enter the plea, and his attorney was ineffective. The trial court denied the motion as untimely, noting the requirement that a motion to withdraw a guilty plea be made within the term of court that the plea is entered.

1. Simmons contends that the trial court entered a void sentence in 2007 on the count of possession of hydrocodone, and retained jurisdiction to correct that void sentence at any time.[8] We agree. "Because the trial court's ruling on a legal question is not due any deference, we apply the 'plain legal error' standard of review."[9]

OCGA § 16-13-30 (g) provides that persons who have violated OCGA § 16-13-30 (a) "with respect to a controlled substance in Schedule III[10] . . . shall be guilty of a felony and, upon conviction thereof, shall be punished by imprisonment for not less than one year nor more than five years." It follows that the ten-year felony sentence entered by the trial court on April 20, 2007, is outside the statutory range and void.[11] And "when a sentence is void, a trial court has jurisdiction to resentence the defendant at any time."[12]

2. Simmons further claims that the trial court erred in denying his motion to withdraw his guilty plea to possession of a controlled substance (hydrocodone).[13] We disagree. The trial court denied Simmons's motion to withdraw because it was untimely. This issue involves application of the law to undisputed facts, and so our review is de novo.[14]

The general rule, as Simmons acknowledges, is that "when the term of court has expired in which a defendant was sentenced pursuant to a guilty plea the trial court lacks jurisdiction to allow the

---

[8] Simmons does not contend that the three-year probation sentence entered in 2004 under the First Offender Act was improper or void.

[9] *Sharma v. State*, 294 Ga. App. 783 (670 SE2d 494) (2008) (citation and punctuation omitted).

[10] Hydrocodone is a Schedule III controlled substance. See OCGA § 16-13-27 (4) (D).

[11] See *English v. State*, 282 Ga. App. 552, 555 (2) (639 SE2d 551) (2006) (a sentence is void if the court imposes punishment that the law does not allow).

[12] *Williams v. State*, 271 Ga. 686, 688 (1) (523 SE2d 857) (1999) (footnote omitted).

[13] As noted above, Simmons also pled guilty to misdemeanor possession of marijuana and improper turn. To the extent Simmons contends that the trial court erred in concluding that his motion to withdraw his guilty plea to the two misdemeanors was untimely, we disagree. No improper sentences were entered on these counts. The void sentence for possession of a controlled substance (hydrocodone) affords no basis for the withdrawal of Simmons's guilty plea to misdemeanor possession of marijuana and improper turn. See *Murray v. State*, 314 Ga. App. 240 (723 SE2d 531) (2012).

[14] See generally *Peterson v. State*, 294 Ga. App. 128, 129 (1) (668 SE2d 544) (2008).

withdrawal of the plea."[15] In such case, a guilty plea may be withdrawn only through habeas corpus proceedings.[16] Simmons entered his guilty plea in 2004, seven years before he filed his motion to withdraw, and so, under the general rule, the trial court lacked jurisdiction to allow withdrawal of the plea. Simmons, however, relies on the exception that, "[s]ince a void sentence is the same as no sentence at all, the defendant stands in the position as if he had pled guilty and not been sentenced, and so may withdraw his guilty plea as of right before resentencing, even following the expiration of the term of court in which the void sentence was pronounced."[17]

The rationale for the exception lies with OCGA § 17-7-93 (b), as our analysis in *Kaiser v. State*[18] shows. That subsection provides, in pertinent part, that "[a]t any time before judgment is pronounced, the accused person may withdraw the plea of guilty and plead not guilty."[19] But Simmons, having availed himself of the First Offender Act, did not retain the right to withdraw his guilty plea as a matter of right pending entry of an adjudication of guilt. In the context of the First Offender Act,

the reducing to writing of the trial judge's probation sentence and the filing of the same with the Clerk of the Court is a sufficient compliance therewith, so as to prevent the withdrawal of the plea of guilty as a matter of right. The contention of the defendant that he had until the adjudication of guilt, at a hearing to revoke the probation, had been reduced to writing and filed with the Clerk of the Court is, in our opinion, untenable; and that to so hold would constitute an abuse of the statute enacted for the benefit of first offenders, and thus permit them, after the passage of months and even years, and after witnesses are gone or dispersed, or even dead, to withdraw a plea of guilty and demand a trial.[20]

---

[15] *Loyd v. State*, 288 Ga. 481, 484 (2) (a) (705 SE2d 616) (2011) (citation and punctuation omitted).

[16] Id.

[17] *Hallford v. State*, 289 Ga. App. 350, 351 (1) (657 SE2d 10) (2008).

[18] 285 Ga. App. 63, 64-65 (1) (646 SE2d 84) (2007).

[19] OCGA § 17-7-93 (b) (punctuation omitted).

[20] *Davenport v. State*, 136 Ga. App. 913, 914 (2) (222 SE2d 644) (1975). See *Brundidge v. State*, 302 Ga. App. 510, 511 (1) (691 SE2d 339) (2010) (rejecting appellant's argument that he could withdraw a first offender guilty plea 11 years later because no final adjudication of guilt had been entered); *Winkles v. State*, 275 Ga. App. 351, 352 (1) (620 SE2d 594) (2005) ("[t]o allow a defendant to retain the right to withdraw his plea despite his first offender status would completely subvert the provisions of the First Offender Act") (citation and punctuation omitted).

Thus, restoring Simmons to his position before the void sentence was entered in 2007 cannot imbue Simmons with the ability to withdraw his 2004 plea as a matter of right.[21]

In light of the foregoing, we cannot say, as in *Kaiser*, that the "specific statutory right must take precedence over the common law time limitation for filing motions to withdraw."[22] Rather, we agree with the trial court that, in light of those time limitations, it was too late for Simmons to withdraw, in 2011, his 2004 guilty plea. Accordingly, the judgment of the trial court must be affirmed, but the case remanded for purposes of resentencing.[23]

*Judgment affirmed and case remanded with direction. Andrews and McFadden, JJ., concur.*

DECIDED MARCH 22, 2012.

*Cris E. Schneider*, for appellant.
*Tom Durden, District Attorney, Sandra Dutton, Assistant District Attorney*, for appellee.

---

[21] To the extent *Tripp v. State*, 223 Ga. App. 73, 74 (476 SE2d 844) (1996) (physical precedent only) suggests that the trial court retains jurisdiction to consider a motion to withdraw guilty plea until expiration of the term of court in which an adjudication of guilt is entered following violation of first offender probation, *Tripp* is, as we noted in *Brundidge*, supra at 511, n. 4, not binding authority.

[22] *Kaiser*, supra at 68 (1).

[23] See, e.g., *Allen v. Ricketts*, 236 Ga. 294, 296 (223 SE2d 633) (1976) (affirming judgment but directing trial court to resentence appellant); *Kaiser*, supra at 65 (1) ("[A] finding of a void sentence, following a guilty plea, does not automatically discharge the defendant from his plea. Rather, the proper procedure is to return the defendant to the trial court for the imposition of a legal sentence.") (citations omitted).