**THIRD DIVISION**
**GOBEIL,**
**COOMER and HODGES, JJ.**

**NOTICE:** Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**March 11, 2019**

# In the Court of Appeals of Georgia

A18A1644. DEEDS v. THE STATE.

COOMER, Judge.

Royhem Deeds appeals from the Superior Court of Telfair County's dismissal of his motion to withdraw a guilty plea. For the following reasons, we affirm.

Deeds was indicted on four counts of aggravated assault, one count of criminal attempt to commit a felony (murder), and two counts of cruelty to children in the first degree on November 2, 2015. On April 4, 2016, Deeds pleaded guilty pursuant to *North Carolina v. Alford*, 400 U. S. 25 (91 SCt 160, 27 LE2d 162) (1970) to one count of aggravated assault. After a hearing the same day, the trial court fined Deeds $1,000 and placed him on probation for five years, with his probation terminating after two years of compliance. Deeds was sentenced as a first offender. On February 23, 2017, Deeds filed a motion to withdraw his guilty plea. He subsequently amended

his motion on February 21, 2018, and February 26, 2018. On March 8, 2018, the trial court dismissed Deeds's motion, holding that it lacked jurisdiction to consider the motion because it was filed after the expiration of the term of court in which Deeds was sentenced and was therefore untimely. This appeal followed.

Our review of the trial court's denial of Deeds's motion to withdraw his guilty plea is de novo and involves application of the law to undisputed facts. *See Simmons v. State*, 315 Ga. App. 82, 83 (2) (726 SE2d 573) (2012).

In his sole enumeration of error, Deeds contends that the trial court erred in dismissing his motion to withdraw his guilty plea on the grounds that the motion was out-of-term and that the court therefore lacked jurisdiction. We disagree.

The undisputed facts show that Deeds filed his motion to withdraw his guilty plea in February of 2017 pursuant to Uniform Superior Court Rule 33.12, which provides, in relevant part: "[a]fter sentence is pronounced, the judge should allow the defendant to withdraw a plea of guilty or nolo contendere whenever the defendant, upon a timely motion for withdrawal, proves that withdrawal is necessary to correct a manifest injustice." Georgia law

> is well settled that when the term of court has expired in which a
> defendant was sentenced pursuant to a guilty plea, the trial court lacks

2

jurisdiction to allow the withdrawal of the plea. Once the term of court in which a defendant was sentenced has expired, the only available means for an appellant to withdraw his guilty plea is through habeas corpus proceedings.

*Dupree v. State*, 279 Ga. 613, 614 (619 SE2d 608) (2005) (citation omitted).

Deeds does not dispute that he filed the motion to withdraw his guilty plea out-of-term. Instead, Deeds contends that trial courts retain jurisdiction to consider out-of-term motions for discretionary withdrawal of first offender guilty pleas. In support of his contention, Deeds relies heavily on *Tripp v. State*, 223 Ga. App. 73, 73 (476 SE2d 844) (1996) (physical precedent only), in which we held that a trial court had jurisdiction to consider a defendant's motion to withdraw his first offender guilty plea under Uniform Superior Court Rule 33.9 even though more than one term of court had expired between the time the trial court entered the defendant's guilty plea and sentence and the time the defendant filed his motion to withdraw. However, *Tripp* is not binding authority. *See Simmons*, 315 Ga. App. at 85 (2), n. 21 ("To the extent *Tripp* [ ] suggests that the trial court retains jurisdiction to consider a motion to withdraw guilty plea until the expiration of the term of court in which an adjudication of guilt is entered . . . , *Tripp* is . . . not binding authority." (citations omitted)).

3

Relying on *Tripp*, Deeds argues that because Georgia's First Offender Act permits adjudication and re-sentencing beyond the term in which the plea is entered, the sentencing court also retains jurisdiction to consider a motion to withdraw a plea to remedy a manifest injustice. Former OCGA § 42-8-60 (b), applicable at the time of Deeds's plea, provided, in relevant part:

> Upon violation by the defendant of the terms of probation, upon a conviction for another crime during the period of probation, or upon the court determining that the defendant is or was not eligible for sentencing under this article, the court may enter an adjudication of guilt and proceed as otherwise provided by law.

A trial court's ability to modify a defendant's sentence under this Code section is limited. The trial court may only enter an adjudication of guilt and re-sentence a defendant if there is a "violation by the defendant of the terms of probation" or "conviction for another crime during the period of probation" or "the court determin[es] that the defendant is or was not eligible" for first offender treatment. Former OCGA § 42-8-60 (b). The First Offender Act does not expressly modify the well-established rule that a trial court lacks jurisdiction to allow the withdrawal of a guilty plea when the term of court has expired in which the defendant was sentenced pursuant to the guilty plea. Although this rule deprives the trial court of jurisdiction

4

to allow a defendant to withdraw his plea upon expiration of the term of court in which sentencing occurred, it does not deprive a defendant of the opportunity to seek redress of a manifest injustice through a habeas petition. In the absence of an express statutory modification of the general rule, we conclude that trial court lacked jurisdiction to consider Deeds's motion to withdraw his first offender guilty plea because it was not made within the term of court in which he was sentenced. Deeds has not been denied any rights under Georgia or federal law resulting from the trial court's dismissal of his motion to withdraw his guilty plea. Deeds's guilty plea may only be withdrawn in a habeas corpus proceeding. *See Dupree v. State*, 279 Ga. 614; *Simmons*, 315 Ga. App. at 84 (2). Therefore, the trial court's dismissal of Deeds's motion was appropriate.

*Judgment affirmed. Gobeil and Hodges, JJ., concur.*