## S94G1168. THE STATE v. EVANS.
### (454 SE2d 468)

SEARS, Justice.

We granted certiorari to consider whether the Court of Appeals properly applied Uniform Superior Court Rule (USCR) 33.9 in reversing the trial court's denial of the appellee's motion to withdraw his guilty plea. *Evans v. State,* 212 Ga. App. 805 (443 SE2d 296) (1994). For the reasons that follow, we conclude that the Court of Appeals correctly held that the trial court did not comply with USCR 33.9, but that the Court of Appeals erred by failing to examine whether the error was reversible under the circumstances of this case. In the latter regard, we hold that the error was not reversible and thus reverse the judgment of the Court of Appeals.

USCR 33.9 provides, in relevant part, that "[n]otwithstanding the acceptance of a plea of guilty, the judge should not enter a judgment upon such plea without making such inquiry on the record as may satisfy him that there is a factual basis for the plea." In this regard, USCR 33.11 requires that "[a] verbatim record of the proceedings at which a defendant enters a plea of guilty . . . shall be made and preserved. The record shall include: . . . (C) the inquiry into the accuracy of the plea (as required in Section 33.9)." USCR 33.11 (c) (parenthetical in original).

In the present case, Evans pled guilty to rape following the prosecution's opening statement at his trial and the trial court sentenced Evans to 20 years in prison. The prosecutor's opening statement was not transcribed, but the plea hearing that followed the opening statement was. At the plea hearing, there was no statement given by anyone as to the facts of the alleged crime. However, an affidavit of a juvenile investigator that was contained in a part of the record outside the plea hearing relates the rape victim's statement to the investigator. Those statements recount Evans's alleged rape of the victim in detail.

Evans subsequently filed a motion for new trial and a motion to withdraw his guilty plea. The trial court denied the motions, and Evans appealed to the Court of Appeals, contending in part that the trial court erred by failing to comply with USCR 33.9.

The majority of the Court of Appeals held that Evans's plea had to be set aside because "the record" failed to show that the trial court was aware of the factual basis for the plea. The Court of Appeals did not expressly state whether by "the record" it meant only the record of the plea hearing or the entire record of proceedings in Evans's case.

However, the Court of Appeals did specify that the opening statement could not be relied on to support a finding of compliance with USCR 33.9 because "the opening statement was not transcribed and there [was] no indication in the record as to what was stated in the prosecution's opening statement." *Evans*, 212 Ga. App. at 806. For similar reasons, the Court rejected any reliance on the affidavit of the juvenile investigator.

The dissent in the Court of Appeals would have held that a violation of USCR 33.9 does not justify a withdrawal of a guilty plea unless the violation amounted to a manifest injustice under USCR 33.12. *Evans*, 212 Ga. App. at 807-808. In this regard, USCR 33.12 provides that "[i]n the absence of a showing that withdrawal is necessary to correct a manifest injustice, a defendant may not withdraw his plea of guilty . . . as a matter of right once sentence has been pronounced by the judge." The dissent further stated that this Court's decision in *Ford v. State*, 248 Ga. 241 (282 SE2d 308) (1981), as well as the language of USCR 33.9 itself, required a holding that USCR 33.9 was not obligatory. *Evans*, 212 Ga. App. at 808. Finally, assuming that USCR 33.9 was mandatory, the dissent would have held that any violation of USCR 33.9 was harmless because a factual basis for the plea could be gleaned from the affidavit of the juvenile investigator. *Evans*, 212 Ga. App. at 808.

We agree with the majority that USCR 33.9 is mandatory and that the trial court failed to satisfy USCR 33.9, but we also agree with the dissent that that error was not reversible because it did not amount to a manifest injustice.

1. We first address whether USCR 33.9 is mandatory. We conclude that it is.

Contrary to the dissent's position, *Ford v. State*, 248 Ga. 241, is no longer controlling. In *Ford*, this Court addressed the defendant's contention that his plea of guilty should be set aside because the transcript did not demonstrate a factual basis for the plea. Ford's contention was based on Rule 11 (f) of the Federal Rules of Criminal Procedure (FRCrP), which then provided, and still provides, that "[n]otwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea." We refused to adopt this FRCrP 11 practice, but suggested that "Rule 11 practices in the federal courts are indicative of 'good practice.' " *Ford*, 248 Ga. at 242.

After *Ford*, of course, the Uniform Superior Court Rules were adopted, see 253 Ga. 800-801, Section 33.9 of which corresponds, almost verbatim, with Rule 11 (f) of the FRCrP. It is clear that the provisions of FRCrP 11 are mandatory in the federal system. See, e.g., *United States v. Carter*, 619 F2d 293, 298 (3rd Cir. 1980). We now

hold that the provisions of USCR 33, including 33.9, are mandatory in this state. Indeed, the language of USCR 33.9 is obligatory, providing that a superior court judge *"should not* enter a judgment upon such plea without making such inquiry on the record as may satisfy him that there is a factual basis for the plea." (Emphasis supplied.)

2. We turn now to an examination of the practical requirements of USCR 33.9 and to the application of those requirements to this case.

USCR 33.9 requires the trial court to make "such inquiry on the record as may satisfy him that there is a factual basis for the plea." Initially, we address the language regarding an "inquiry on the record." Although this language could be read as requiring a trial court to make a specific question by question inquiry on the record as to the factual basis, we decline to so interpret it. The purpose of USCR 33.9 is to protect against someone pleading guilty when that person may know what he has done but may not know that those acts do not constitute the crime with which he is charged. See generally Wright, Federal Practice & Procedure: Criminal 2d, § 174. USCR 33.9 provides this protection by requiring a trial court to subjectively satisfy itself that there is a factual basis for the plea. See Wright, § 174; *United States v. Keiswetter*, 860 F2d 992, 996 (10th Cir. 1988). This purpose is satisfied by permitting a trial court to discern the factual basis in a wide variety of ways, and we see no reason to restrict a trial court to any one method of subjectively satisfying itself of a factual basis. We thus agree with the Court of Appeals that the rule requires nothing more than that the trial court make itself aware of the factual basis of the plea. *Evans*, 212 Ga. App. at 806-807.

As for the "on the record" language of USCR 33.9, we construe it as requiring that the "inquiry" occur on the record of the plea hearing. Accord *Santobello v. New York*, 404 U. S. 257, 261 (92 SC 495, 30 LE2d 427) (1971); *United States v. Dayton*, 604 F2d 931, 938 (5th Cir. 1979); *United States v. Adams*, 961 F2d 505, 508 (5th Cir. 1992). As USCR 33.9 requires the trial court to exercise its discretion to subjectively satisfy itself that there is a factual basis for the plea, it is incumbent upon the trial court to produce a record on the basis of which a reviewing court can determine whether an abuse of discretion occurred. *Dayton*, 604 F2d at 938; *Keiswetter*, 860 F2d at 996. Otherwise, the appellate court is placed in the position of substituting itself for the trial court with regard to this inquiry. Further, if the factual basis is placed on the record of the plea hearing, then post-conviction attacks on the validity of the guilty pleas are discouraged and can in any event be disposed of more expeditiously. See *McCarthy v. United States*, 394 U. S. 459, 466 (89 SC 1166, 22 LE2d 418) (1969).

The foregoing rules would clearly permit a trial court to glean the factual basis for a plea from facts put on the record at the guilty plea

hearing, such as through the trial court questioning the defendant or through the prosecutor stating what he expected the evidence to show at trial.[1] *Adams*, 961 F2d at 508. However, these rules would also permit a trial court to learn the factual basis from material contained in parts of the record other than the guilty plea hearing so long as the trial court makes clear on the plea hearing record that he is relying on those parts of the record and so long as those parts of the record are made a part of the record for appeal. *Adams*, 961 F2d at 512; *United States v. Graves*, 720 F2d 821, 824 (5th Cir. 1983). In such an event, the record of the guilty plea hearing would show the trial court's awareness of the factual basis of the plea.

Further, we agree with the majority in *Evans*, 212 Ga. App. at 807, that when the transcript presents evidence that the trial court was aware of the factual basis, Rule 33.9 does not otherwise require the trial court to affirmatively state that it is satisfied there is a factual basis. In such an instance, the acceptance of a plea would be deemed a factual finding that there is an adequate factual basis for the plea. See *Adams*, 961 F2d at 509.

Applying these rules to the present case, we conclude that the majority of the Court of Appeals correctly concluded that the record does not demonstrate that the trial court satisfied itself regarding the factual basis for the plea. First, as the state's opening statement was not transcribed and the record nowhere demonstrates what was said in that opening statement, it cannot be relied upon to provide a factual basis. *Evans*, 212 Ga. App. at 806. Accord *Adams*, 961 F2d at 508; *Keiswetter*, 860 F2d at 996. Second, the transcript of the plea hearing that followed the opening statement similarly shows no factual basis for the plea. *Evans*, 212 Ga. App. at 806. Accord *Adams*, 961 F2d at 508; *Keiswetter*, 860 F2d at 996. Finally, as the juvenile investigator's affidavit was not introduced at the plea hearing and there is no evidence that the trial court was aware of the affidavit, it may not be relied on to sustain a finding that the trial court subjectively satisfied itself as to the factual basis.

3. Having determined that the record does not adequately demonstrate the factual basis, however, does not end our inquiry, for we agree with the dissent in *Evans*, 212 Ga. App. at 808, that not every violation of Rule 33.9 mandates the grant of a motion to withdraw a plea.[2]

---

[1] Even though it is not necessary that trial courts establish the factual basis through a colloquy with the defendant, we conclude that such a course is the best method for establishing a factual basis. See *United States v. Fountain*, 777 F2d 351, 356 (7th Cir. 1985). One reason is that in many cases the factual basis for the plea will be closely related to the requirement of USCR 33.8 (A) that the defendant understand the nature of the charge to which the plea is offered. See *United States v. Adams*, 961 F2d at 511.

[2] It appears that, when a violation of USCR 33 has occurred, the Court of Appeals gen-

Because USCR 33.12 provides that after sentence is imposed a guilty plea may only be withdrawn to correct a manifest injustice, that standard must be utilized by trial courts to determine whether a defendant should be permitted to withdraw a guilty plea. Although before sentence is imposed the defendant has an absolute right to withdraw a guilty plea, see OCGA § 17-7-93, the harsher standard applicable to attempt to attack a guilty plea after sentence has been justified on several grounds.

> First, once sentence is imposed, the defendant is more likely to view the plea bargain as a tactical mistake and therefore wish to have it set aside. Second, at the time the sentence is imposed, other portions of the plea bargain agreement will often be performed by the prosecutor, such as the dismissal of additional charges or the return or destruction of physical evidence, all of which may be difficult to undo if the defendant later attacks his guilty plea. Finally, a higher post-sentence standard for withdrawal is required by the settled policy of giving finality to criminal sentences which result from a voluntary and properly counseled guilty plea.

LaFave & Israel, Criminal Procedure, Vol. 2, § 20.5 (1984).

We do not undertake to exhaustively define manifest injustice in this opinion, as the test will by necessity vary from case to case, but it has been said that withdrawal is necessary to correct a manifest injustice if, for instance, a defendant is denied effective assistance of counsel, or the guilty plea was entered involuntarily or without an understanding of the nature of the charges. LaFave, § 20.5 at 661. We conclude, however, that the error in this case clearly falls outside the contours of any concept of manifest injustice.

The reason is that the detailed statements of the victim that are outlined in the affidavit of the juvenile investigator provide a more than adequate factual basis for the crime. And, although that affidavit may not be relied on to conclude that the trial court made a subjective finding as to the factual basis, we are free to rely on it in our manifest injustice analysis. We thus conclude that withdrawal of the guilty plea is not necessary to correct a manifest injustice. See *Adams*, 961 F2d at 510-513 (the Fifth Circuit concluded that, although the district court could not have relied on a presentence re-

---

erally has reversed cases in which trial courts have denied motions to withdraw. See *Evans*, 212 Ga. App. at 806-807; *Watt v. State*, 204 Ga. App. 839, 840 (420 SE2d 769) (1992); *Caldwell v. State*, 213 Ga. App. 531, 532 (445 SE2d 560) (1994); *Smith v. State*, 213 Ga. App. 536, 537-538 (445 SE2d 341) (1994). The opinions do not indicate whether the reversals have occurred because the court believed that violations of Rule 33 require the automatic grant of motions to withdraw or that the errors were harmful.

port to provide a factual basis for the plea because it was not made a part of the plea hearing and the district court nowhere referenced its reliance on the report, it was free to rely on the report in concluding that a violation of FRCP 11 (f) was harmless).

*Judgment reversed. All the Justices concur, except Thompson, J., who dissents.*

THOMPSON, Justice, dissenting.

I fully agree with the majority that the language of USCR 33.9 is mandatory and the trial court in this case failed to satisfy the requirements of that Rule. However, I would hold that strict compliance with the Rule is required and that the denial of the motion to withdraw amounted to reversible error.

The procedural safeguards of Rule 33.9 require that the trial court make an "inquiry on the record" of the plea proceedings sufficient to satisfy itself "that there is factual basis for the plea." Absent such an inquiry and determination on the record at that stage of the proceedings, "the judge should not enter judgment upon such plea." This requirement is reiterated in USCR 33.11 (C), which mandates that a verbatim record of the plea proceedings be made and that it include "the inquiry into the accuracy of the plea (as required in section 33.9) . . . ." I would not apply Rule 33.12 to permit deviation from Rule 33.9.

DECIDED MARCH 6, 1995 —
RECONSIDERATION DENIED MARCH 31, 1995.

*Johnnie L. Caldwell, Jr., District Attorney, Daniel A. Hiatt, Assistant District Attorney,* for appellant.
*Arleen E. Gardenhire,* for appellee.