### S95A0421. PARKER v. ROLLINS.
(455 SE2d 838)

HUNSTEIN, Justice.

Conley Eugene Rollins filed a petition for writ of habeas corpus asserting, inter alia, the ground that his plea of guilty to armed robbery and concealing the death of another was not knowingly and vol-

untarily entered. The habeas court, after reviewing the guilty plea transcript, granted the petition solely on this ground, concluding that it could not determine what was the factual basis for the plea, see Uniform Superior Court Rule 33.9,[1] although the habeas court was "convinced from the remarks made by the trial court at the time of the plea that the trial judge was very familiar with the facts of the case."

We have recently considered USCR 33.9. See *State v. Evans*, 265 Ga. 332 (454 SE2d 468) (1995); see also *Green v. State*, 265 Ga. 263 (454 SE2d 466) (1995). We held in *Evans* that USCR 33.9 is mandatory, as opposed to permissive, and that its purpose "is to insure that the conduct to which an individual admits actually constitutes the crime to which the individual pleads guilty." *Green*, supra at 264. While we recognized in *Evans* that it is the better practice for a trial court to establish the factual basis for a plea through a colloquy with the defendant on the record of the guilty plea transcript, we held that USCR 33.9 also permits a trial court

> to learn the factual basis from material contained in parts of the record other than the guilty plea hearing so long as the trial court makes clear on the plea hearing record that he is relying on those parts of the record and so long as those parts of the record are made a part of the record for appeal. [Cits.] In such an event, the record of the guilty plea hearing would show the trial court's awareness of the factual basis of the plea.

*Evans*, supra at 335. In the event the record does not adequately demonstrate the factual basis in the ways discussed in Division 2 of *Evans*, this Court held that the propriety of the guilty plea must then be examined in light of the manifest injustice test as discussed in Division 3 of *Evans*.

We remand this case to the habeas court with direction that it consider this case in light of our recent holdings in *Evans* and *Green*, supra.

*Case remanded with direction. All the Justices concur.*

DECIDED APRIL 17, 1995.

*Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior*

---

[1] USCR 33.9 provides:
Notwithstanding the acceptance of a plea of guilty, the judge should not enter a judgment upon such plea without making such inquiry on the record as may satisfy him that there is a factual basis for the plea.

*Assistant Attorney General, Rachelle L. Strausner, Assistant Attorney General,* for appellant.
Conley Eugene Rollins, *pro se.*