IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 7, 2007

## STATE OF TENNESSEE v. GAMAL EDHAM

**Appeal from the Criminal Court for Shelby County**
**No. W05-00726     Fred Axley, Judge**

---

**No. W2007-00151-CCA-R3-CD  - Filed September 6, 2007**

---

The Defendant, Gamal Edham, appeals the trial court's order denying his motion to withdraw his guilty plea to one count of selling beer to a minor, arguing that because of his limited ability to understand English, his guilty plea was not knowingly and voluntarily entered.  Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and D. KELLY THOMAS, JR., JJ., joined.

Mark Bowman (at trial); Handel R. Durham, Jr., (on appeal), Memphis, Tennessee, for the appellant, Gamal Edham.

Robert E. Cooper, Jr., Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; William L. Gibbons, District Attorney General; and Glen Baity and Tracye Jones, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

### FACTS

The trial court held a guilty plea submission hearing on January 13, 2006.  The factual basis for the plea as set forth by the State was that two police officers had observed the Defendant sell a twenty-four ounce can of beer to a nineteen-year-old undercover operative without asking to see identification.  The Defendant's trial counsel stipulated to these facts.

The trial court then questioned the Defendant about his decision to plead guilty.  Specifically, the court asked the Defendant if he understood he had various rights, including the right to go to trial, to have the assistance of counsel, to testify, to subpoena witnesses, to cross-examine witnesses who

would testify against him, and the privilege against self-incrimination. In response to the court's questioning, the Defendant simply responded, "Yeah," to indicate that he understood his rights. However, when the trial court asked the Defendant if he understood his right to appeal if he went to trial and to have an attorney appointed to represent him on appeal, the Defendant answered in the negative. Trial counsel interjected and explained to the Defendant that "if [he] had to appeal this case, the Judge would appoint an attorney" to represent him. The Defendant was then asked if he understood, and he responded affirmatively.

The trial court and the Defendant also had the following exchange:

THE COURT: . . . When you plead guilty, there is not going to be a trial. There won't be an appeal. Your case is over today. You're aware of that now, aren't you?

DEFENDANT: Yeah.

THE COURT: Anybody making you plead guilty?

DEFENDANT: No.

THE COURT: Any promises been made to you to get you to plead guilty?

DEFENDANT: No.

THE COURT: This is a felony conviction. You're aware of that?

DEFENDANT: Yeah.

Because this was the Defendant's fourth offense of selling beer to a minor, the offense was a Class E felony. Tenn. Code Ann. §§ 57-5-301, -303. Pursuant to the plea agreement, the trial court sentenced him to one day in jail and a $2,000 fine. At the hearing, the court asked the Defendant what country he was originally from, and the Defendant responded that he was from Austria.

On the day of the guilty plea hearing, the trial court entered the judgment of conviction imposing the agreed upon sentence. Eleven days later, on January 24, 2006, the Defendant filed a motion to withdraw his guilty plea pursuant to Rule 32(f) of the Tennessee Rules of Criminal Procedure, stating that trial counsel "did not fully inform him of the legal ramifications" of pleading guilty and that "a manifest injustice will have occurred if the judgment of conviction is not set-aside and he is not allowed to withdraw the guilty plea, for the herein cited plea will deprive him of his ability to make a living (i.e., his license to sell alcohol)."

The trial court held a hearing on the Defendant's motion, at which trial counsel testified that he had been practicing law as a criminal defense attorney for five years prior to being hired by the Defendant. Regarding his ability to communicate with the Defendant, trial counsel stated, "I never had a problem communicating with [the Defendant]. He–I believe Arabic is his first language. I've met with him [on] a couple of occasions, met and talked to him every time we were in court. He never gave any indication that he didn't understand what I was saying." Trial counsel also believed that the Defendant understood the legal terms used and the consequences of pleading guilty.

On cross-examination, trial counsel stated that he never asked the Defendant how many years he had lived in America or how long he had been speaking English. However, he explained that the Defendant had always given him the impression that he understood what he said and that the Defendant's primary interest in resolving his case was avoiding "jail time" and a trial. Additionally, although trial counsel explained the difference between a misdemeanor and a felony, they never discussed potential loss of employment or the effect the conviction would have on citizenship rights.

The Defendant did not testify or call any witnesses.

After hearing argument, the trial court denied the Defendant's motion, finding that he sufficiently understood the consequences of pleading guilty:

> Well, this has been a hearing that is not unusual to the [c]ourts when we involve ourselves with the convictions, the guilty pleas, the trials of those who are from another country. Very often when an individual pleads guilty after having been advised of his rights, and after having gotten the counseling that the lawyers can give to the individuals, suddenly perhaps gets caught again and charged again, accused again, and comes before the [c]ourt and says but I did not understand what I was doing.
> . . . .
>
> That I did not understand the consequences of my guilty plea. This is not a foreign position in court that an individual from another country adopts when they perhaps get arrested again for something like this. We know that he communicated quite well with [trial counsel] when [trial counsel] advised him of what he was doing.
>
> . . . . The [c]ourt finds that [trial counsel] had explained to him the felony and how it would effect [sic] him. And, therefore, [the Defendant] understood it well enough under State v. Turner and further, that he knew and understood the outcome. [The Defendant's] motion to withdraw his guilty plea is denied. The hearing is concluded.

In a subsequent written order, the trial court found that the Defendant's guilty plea was entered "voluntarily, understandingly, and knowingly."

## ANALYSIS

On appeal, the Defendant argues that it was error for the trial court to deny his motion to withdraw his guilty plea. He contends that his "plea was not knowingly and voluntarily entered with full knowledge of its consequences, and he should therefore be entitled to withdraw his guilty plea." Specifically, he asserts that "the language barrier he faced" prevented him from fully understanding the nature and consequences of pleading guilty.

### I.    Standard of Review

Once a defendant enters a guilty plea, it "cannot later be withdrawn as a matter of right." State v. Mellon, 118 S.W.3d 340, 345 (Tenn. 2003) (citing State v. Turner, 919 S.W.2d 346, 355 (Tenn. Crim. App. 1995)); State v. Crowe, 168 S.W.3d 731, 740 (Tenn. 2005). Whether a defendant should be allowed to withdraw his guilty plea is within the sound discretion of the trial court. Mellon, 118 S.W.3d at 345–46 (citing Henning v. State, 201 S.W.2d 669, 671 (1947)). On appeal, "[t]he trial court's decision 'will not be reversed unless it clearly appears that there was an abuse of discretion.'" Crowe, 168 S.W.3d at 740 (quoting Henning, 201 S.W.2d at 671). "An abuse of discretion exists if the record lacks substantial evidence to support the trial court's conclusion." Id. (citing Goosby v. State, 917 S.W.2d 700, 705 (Tenn. Crim. App. 1995)).

### II.    Propriety of denying the Defendant's motion

Rule 32(f) of the Tennessee Rules of Criminal Procedure provides the standards governing the withdrawal of a guilty plea. Turner, 919 S.W.2d at 354. The rule is as follows:

> (1) Before Sentence Imposed. Before sentence is imposed, the court may grant a motion to withdraw a guilty plea for any fair and just reason.

> (2) After Sentence But Before Judgment Final. After sentence is imposed but before the judgment becomes final, the court may set aside the judgment of conviction and permit the defendant to withdraw the plea to correct manifest injustice.

Tenn. R. Crim. P. 32(f). The rule dictates that one of two standards is to be applied, and which standard governs depends on whether a defendant moves to withdraw his guilty plea before or after sentence is imposed. Crowe, 168 S.W.3d at 740–41. As the Defendant in the present case moved to withdraw his guilty plea eleven days after sentenced was imposed, the latter, more strenuous standard applies. See id. Accordingly, the court should have allowed the guilty plea to be withdrawn only to correct a "manifest injustice." See id.; Tenn. R. Crim. P. 32(f)(2). Moreover, the Defendant had the burden of establishing that he should be allowed to withdraw his guilty plea to prevent a manifest injustice. Turner, 919 S.W.2d at 355.

In Crowe, our supreme court provided guidance as to when courts should find a manifest injustice and allow the withdrawal of a guilty plea after sentence has been imposed:

> Although Rule 32(f) does not define "manifest injustice," courts have identified on a case by case basis circumstances that meet the manifest injustice standard necessary for withdrawal of a plea. See Turner, 919 S.W.2d at 355; State

-4-

v. Evans, 454 S.E.2d 468, 473 (Ga. 1995).  Withdrawal to correct manifest injustice is warranted where: (1) the plea was entered through a misunderstanding as to its effect, or through fear and fraud, or where it was not made voluntarily; (2) the prosecution failed to disclose exculpatory evidence as required by Brady v. Maryland, 373 U.S. 83 (1963), and this failure to disclose influenced the entry of the plea; (3) the plea was not knowingly, voluntarily, and understandingly entered; and (4) the defendant was denied the effective assistance of counsel in connection with the entry of the plea.  Although manifest injustice may exist in the absence of a constitutional violation, we agree with the Court of Criminal appeals that "[w]here there is a denial of due process, there is a 'manifest injustice' as a matter of law."  State v. Davis, 823 S.W.2d 217, 220 (Tenn. Crim. App. 1991) (quoting United States v. Crusco, 536 F.2d 21, 26 (3rd Cir. 1976)).  In contrast, a defendant's change of heart about pleading guilty or a defendant's dissatisfaction with the punishment ultimately imposed does not constitute manifest injustice warranting withdrawal.  Turner, 919 S.W.2d at 355.

Crowe, 168 S.W.3d at 741–43 (citations, footnotes, and internal quotations omitted).

In the present case, the Defendant's principle contention is that his plea was not knowingly and voluntarily entered due to a "language barrier."  We note that the determination of whether a plea was entered voluntarily and knowingly is made based on the totality of the circumstances.  Turner, 919 S.W.2d at 353.

The Defendant did not present any proof at the hearing on his motion to withdraw.  Rather, the only basis on which the trial court had to make its ruling was the testimony of trial counsel, who repeatedly testified that he never experienced any problems communicating with the Defendant.  According to trial counsel, the Defendant's main concern was securing a plea agreement that did not include any "jail time."  On appeal, the Defendant asserts that "the issue of whether the guilty plea was knowingly and voluntarily entered should not rest only upon [trial counsel's] perception of the [D]efendant's understanding of their conversations."  However, the only evidence presented at the hearing was trial counsel's testimony that the Defendant did not have any trouble communicating with him in English and understood the consequences of pleading guilty to a felony.

Additionally, the transcript of the submission hearing shows that a meaningful exchange took place between the trial court and the Defendant.  The court inquired as to whether the Defendant understood that, by pleading guilty, he was waiving a host of valuable constitutional rights.  When the Defendant understood, he indicated his understanding by saying, "Yeah," but when he did not understand, he said so, and further explanation was given.  The Defendant argues that his "terse answers" to the trial court's questions support his argument that he "was not able to comprehend fully the nature of the guilty plea and its consequences."  We do not find this argument persuasive;

the questions posed by the trial court court at the Defendant's submission hearing did not require in-depth answers.

Further, the Defendant contends that the trial court's knowledge that the Defendant was from another country, coupled with the fact that no interpreter was present, "should have alerted the court to inquire more specifically into the ability of the [D]efendant to comprehend fully the important rights which the [D]efendant waived by the entry of the guilty plea." We disagree; regardless of the fact that the Defendant is originally from a foreign country, the record supports the trial court's finding that the Defendant's guilty plea was entered knowingly and voluntarily.

## **CONCLUSION**

We conclude that the trial court did not abuse its discretion by denying the Defendant's motion to withdraw his guilty plea. The judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE