# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs May 19, 2010

## STATE OF TENNESSEE v. RICKY LEE COOK

### Appeal from the Criminal Court for Sumner County
### No. 612-2008     Dee David Gay, Judge

### No. M2009-01522-CCA-R3-CD - Filed June 7, 2010

On May 11, 2009, the Defendant, Ricky Lee Cook, pleaded guilty to Class D felony evading arrest and driving under the influence ("DUI"), third offense. Pursuant to the terms of the plea agreement, he received a sentence of eleven-months and twenty-nine days at 75% to serve for the DUI conviction and a sentence of three years at 30% to be probated for the felony evading arrest conviction. These sentences were consecutive terms. Thereafter, the Defendant filed a motion to withdraw his guilty plea. The Sumner County Criminal Court denied the motion. The Defendant now appeals, contending that this denial was error. After our review, we affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

DAVID H. WELLES, J., delivered the opinion of the Court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

Ricky Lee Cook, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Clark B. Thornton, Assistant Attorney General; Lawrence R. Whitley, District Attorney General; and William Lamberth, II, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## Factual Background

In 2008, a Sumner County grand jury returned a nine-count indictment against the Defendant, charging him with leaving the scene of an accident, evading arrest, reckless endangerment, DUI (with prior convictions), and driving while his license was revoked (with prior convictions). As a result of these charges, he pleaded guilty to evading arrest, a Class D felony, and DUI, third offense, a Class A misdemeanor.[1] See Tenn. Code Ann. §§ 39-16-603 and 55-10-401, -403(a)(1)(A)(v). The remaining charges were dismissed.

The trial court held a guilty plea submission hearing on May 11, 2009. The facts underlying these offenses were summarized by the State as follows:

> On June the 23rd there was a—some sort of a traffic collision that occurred. Initially it was thought that that was an aggravated assault. The victim in that one virtually recanted her testimony that [the Defendant] had struck her purposefully. Apparently, it was just a traffic accident. However, the police were called out to the scene. [The Defendant] did evade stopping from them.
>
> Had this case gone to trial, I think he would have maintained his position that he simply went a little further than he intended, and when he saw them back there, he did stop. The [S]tate's position would have been supported by at least one of his passengers that he knew the police were behind him and did not stop all the way from Gallatin to Westmoreland. . . .
>
> When he did stop in Westmoreland, it was clear to the officers during their investigation and later supported by a blood test, which he did not give freely but which was given via a search warrant initially obtained on the aggravated assault charge that was later dismissed, that his blood alcohol content would have been about the .08 [limit] at the time that he was driving the vehicle. We were prepared to go to trial and have an expert lined up to extrapolate his blood test results back out, placing them over the legal limit. He does have at least two prior DUI convictions to support the DUI third.

The trial court then questioned the forty-eight-year old Defendant about his decision to plead guilty. The Defendant confirmed that he had gone over the agreement with counsel and that it was his signature that appeared on the document. The trial court then outlined the

---

[1] The indictment is not included in the appellate record.

Defendant's sentence under the terms of the agreement, and the Defendant stated that the explanation matched his understanding of the agreement. The trial court asked the Defendant if he was taking any medication or if anyone had forced him into pleading guilty, and the Defendant replied negatively to both questions. The trial court asked the Defendant if he understood he had various rights, including the right to go to trial, to have the assistance of counsel, to testify, to subpoena witnesses, to cross-examine witnesses who would testify against him, and the privilege against self-incrimination. The Defendant responded appropriately to questioning. Next, the Defendant was asked if he was satisfied with counsel, and the Defendant stated, "Yes. sir. He went beyond the call." He also agreed that he had been given "good, sound advice." The Defendant further relayed that there was no action he wanted his attorney to take that he had not already done. The Defendant acknowledged the facts presented by the assistant district attorney and entered pleas of guilty. Returning to sentencing, the trial court inquired if the Defendant understood consecutive sentencing, and the court was satisfied that the Defendant understood the concept.

Pursuant to the terms of the agreement, the trial court sentenced the Defendant to consecutive terms of eleven-months and twenty-nine days at 75% for the DUI offense and three years as a Range I, standard offender for felony evading arrest offense. The three-year sentence was to be suspended, and the Defendant placed on probation. Additionally, the Defendant was given jail credit on the sentence from his date of arrest, had his driver's license suspended for five years, and was ordered to undergo a mandatory alcohol and drug assessment and to attend a victim impact panel. Judgments of conviction were filed on May 15, 2009.

On June 8, 2009, the Defendant, pro se, filed a one-page motion to withdraw his guilty plea pursuant to Rule 32(f) of the Tennessee Rules of Criminal Procedure. In the motion, he complained that he asked his attorney to file a motion to withdraw the plea, but that his attorney had not done so. He further asserted that, "for the violation of probation, you have no right to hold me with no bond . . . ." After reviewing the "court file," the trial court denied the motion by written order dated June 10, 2009, concluding that "the Defendant entered a knowing and voluntary plea . . . ." This appeal followed.

**Analysis**

On appeal, the Defendant argues that it was error for the trial court to deny his motion to withdraw his guilty plea. Once a defendant enters a guilty plea, it "cannot later be withdrawn as a matter of right." State v. Mellon, 118 S.W.3d 340, 345 (Tenn. 2003) (citing State v. Turner, 919 S.W.2d 346, 355 (Tenn. Crim. App. 1995)); State v. Crowe, 168 S.W.3d 731, 740 (Tenn. 2005). Whether a defendant should be allowed to withdraw his guilty plea is within the sound discretion of the trial court. Mellon, 118 S.W.3d at 345-46 (citing Henning v. State, 201 S.W.2d 669, 671 (Tenn. 1947)). On appeal, "[t]he trial court's

decision 'will not be reversed unless it clearly appears that there was an abuse of discretion.'" Crowe, 168 S.W.3d at 740 (quoting Henning, 201 S.W.2d at 671). "An abuse of discretion exists if the record lacks substantial evidence to support the trial court's conclusion." Id. (citing Goosby v. State, 917 S.W.2d 700, 705 (Tenn. Crim. App. 1995)).

Rule 32(f) of the Tennessee Rules of Criminal Procedure provides the standards governing the withdrawal of a guilty plea. Turner, 919 S.W.2d at 354. The rule is as follows:

> (1) Before Sentence Imposed. Before sentence is imposed, the court may grant a motion to withdraw a guilty plea for any fair and just reason.
>
> (2) After Sentence But Before Judgment Final. After sentence is imposed but before the judgment becomes final, the court may set aside the judgment of conviction and permit the defendant to withdraw the plea to correct manifest injustice.

Tenn. R. Crim. P. 32(f). The rule dictates that one of two standards is to be applied, and which standard governs depends on whether a defendant moves to withdraw his guilty plea before or after sentence is imposed. Crowe, 168 S.W.3d at 740-41. As the Defendant in the present case moved to withdraw his guilty plea after sentenced was imposed, the latter, more strenuous standard applies. See id. Accordingly, the court should have allowed the guilty plea to be withdrawn only to correct a "manifest injustice." See id.; see also Tenn. R.Crim. P. 32(f)(2). Moreover, the Defendant had the burden of establishing that he should be allowed to withdraw his guilty plea to prevent a manifest injustice. Turner, 919 S.W.2d at 355.

In Crowe, our supreme court provided guidance as to when courts should find a manifest injustice and allow the withdrawal of a guilty plea after sentence has been imposed:

> Although Rule 32(f) does not define "manifest injustice," courts have identified on a case by case basis circumstances that meet the manifest injustice standard necessary for withdrawal of a plea. See Turner, 919 S.W.2d at 355; State v. Evans, 454 S.E.2d 468, 473 (Ga. 1995). Withdrawal to correct manifest injustice is warranted where: (1) the plea was entered through a misunderstanding as to its effect, or through fear and fraud, or where it was not made voluntarily; (2) the prosecution failed to disclose exculpatory evidence as required by Brady v. Maryland, 373 U.S. 83 (1963), and this failure to disclose influenced the entry of the plea; (3) the plea was not knowingly, voluntarily, and understandingly entered; and (4) the defendant was denied the

-4-

effective assistance of counsel in connection with the entry of the plea. Although manifest injustice may exist in the absence of a constitutional violation, we agree with the Court of Criminal appeals that "[w]here there is a denial of due process, there is a 'manifest injustice' as a matter of law." State v. Davis, 823 S.W.2d 217, 220 (Tenn. Crim. App. 1991) (quoting United States v. Crusco, 536 F.2d 21, 26 (3rd Cir. 1976)). In contrast, a defendant's change of heart about pleading guilty or a defendant's dissatisfaction with the punishment ultimately imposed does not constitute manifest injustice warranting withdrawal. Turner, 919 S.W.2d at 355.

168 S.W.3d at 741-43 (citations, footnotes, and internal quotations omitted).

On appeal, the Defendant expounds on his claims. In the notice of appeal document, the Defendant asserts that: (1) he "would have said or done anything to get out of jail on May 11, 2009"; (2) he was under the influence of drugs when he entered his plea; (3) his sentence is illegal because the "court papers" do not match the "probation papers"; and (4) the assistant district attorney withheld information from the court. In his appellate brief, he makes general allegations of ineffective assistance of counsel, judicial and prosecutorial misconduct, excessive bonds, violation of his right to a speedy trial, and an illegal sentence. However, these issues were not before the trial court.

We note that the determination of whether a plea was entered voluntarily and knowingly is made based on the totality of the circumstances. Turner, 919 S.W.2d at 353. It appears that the trial court did not hold a hearing on the Defendant's motion, rather relying on the "court file" to decide the merits of the motion. Based upon his review of the transcript of the plea submission hearing, the trial judge held that the Defendant's plea was knowingly and voluntarily entered. The record supports that conclusion.[2]

The transcript of the guilty plea submission hearing shows that a meaningful exchange took place between the trial court and the Defendant. The court inquired as to whether the Defendant understood that, by pleading guilty, he was waiving a host of valuable constitutional rights. The Defendant responded appropriately to questioning. The trial court specifically asked the Defendant if he was taking any medication, and the Defendant replied in the negative. The Defendant affirmed that he had not been forced into pleading guilty; he also relayed that trial counsel "went beyond the call" and had given him "good, sound advice." The trial court also outlined the terms of the plea agreement and confirmed with the Defendant that he had reviewed the agreement with counsel before signing it. To be sure,

---

[2] Although the trial court apparently heard no testimony on the Rule 32(f) issue, the Defendant does not claim that he was denied an opportunity to be heard.

the record reflects the Defendant knew and understood the options available to him prior to the entry of his guilty plea including the right not to plead guilty and demand a jury trial, and he freely made an informed decision of that course which was most palatable to him at the time.

We emphasize that, in his pro se motion to withdraw his guilty plea, the Defendant did not set forth any ground for withdrawing the plea. He did not allege why he desired to withdraw his plea. In his pro se "brief" on appeal, he asserts several vague "grounds" and asks this Court to "pick any one of these." None of these allegations were contained in the motion filed in the trial court. The Defendant's vague claims, without more, provide him no avenue of relief via a motion to withdraw his guilty plea; he has not demonstrated that a manifest injustice occurred.

**Conclusion**

Based upon the foregoing authorities and reasoning, we affirm the trial court's denial of the Defendant's motion to withdraw his guilty plea. The judgment of the Sumner County Criminal Court is affirmed.

_____
DAVID H. WELLES, JUDGE