IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 22, 2010

**STATE OF TENNESSEE v. SAMUEL JACOB WEBB**

**Direct Appeal from the Criminal Court for Sumner County**
**No. 110-2008     Dee David Gay, Judge**

**No. M2009-01364-CCA-R3-CD - Filed December 14, 2010**

Pursuant to a plea agreement, the Defendant, Samuel Jacob Webb, pled guilty to one count of sexual exploitation of a minor, and the trial court sentenced him to eight years in the Department of Correction. The Petitioner filed a motion to withdraw his guilty plea, claiming that he understood that he would be placed on parole for his eight-year sentence and returned to federal custody to serve his federal sentence for another charge. The trial court denied relief after a hearing, and the Defendant now appeals. After a thorough review of the record and applicable law, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which DAVID H. WELLES and JERRY L. SMITH, JJ., joined.

Samuel Jacob Webb, Lawrenceburg, Tennessee, pro se, for the Appellant.

Robert E. Cooper, Jr., Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; L. Ray Whitley, District Attorney General, and Sallie Wade Brown, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**
**I. Facts**
**A. Guilty Plea**

This case arises from the recovery of child pornography from the Defendant's computer. A Sumner County grand jury indicted the Defendant for eight counts of sexual exploitation of a minor. The State, at the guilty plea submission hearing, provided the following facts underlying the charges in this case:

Detective Vaughn, he had done [sic] several interviews with people in the neighborhood that went to [the Defendant's] address. They had a search warrant. [The Defendant] was actually charged originally with some drug offenses and paraphernalia. As part of that search they also did a search warrant for his computers. Those were sent to the lab and as a result of the forensics report from the lab, Your Honor, the child pornography was found.

Pursuant to a plea agreement, the Petitioner pled guilty to one count of sexual exploitation of a minor in an amount of more than 100 images, a Class B felony, with the remaining counts dismissed. The Defendant agreed to serve an eight year sentence at 100%, in confinement to be served concurrently with two previous sentences.

During the plea hearing, the Defendant testified that he had graduated from high school, was in good physical and mental health, and was not taking medications or under the influence of any substance that might impair his ability to understand the plea. Further, the Defendant testified that he understood that he must answer the court's questions truthfully or he would be subject to prosecution for perjury. The trial court reviewed the Petitioner's charges and the possible punishment for each charge. The trial court then reviewed the terms of the plea agreement with the Petitioner. The Petitioner confirmed that he agreed to serve an eight-year sentence at 100% and that he had signed the Petition for a Waiver of a trial by jury and the request for acceptance of a guilty plea forms.

The trial court listed and explained the Petitioner's rights and asked the Petitioner whether he understood his rights, including the right to appeal, and whether the Petitioner wanted to waive those rights and enter the plea agreement with the State. The Petitioner responded that he understood his rights and wanted to enter the plea agreement. The Petitioner testified that no one had forced him to give up his rights to a jury trial and plead guilty. The Petitioner stated that he was satisfied with the services of his attorney and had discussed the plea agreement with his attorney "fully."

### B. Hearing on the Motion to Withdraw the Plea

The trial court held a hearing based on receipt of a letter from the Defendant. In pertinent part, the letter stated the following:

I respectfully request that Your Honor withdraw the guilty plea I signed in Your Honorable Court on February 19, 2009, until such time that I can be made to understand it. I did not know the full ramifications of what I signed.

I respectfully assert and submit that said plea agreement is not indicative of what my appointed attorney explained to me.

After the trial court read this portion of the letter aloud during the hearing, the Defendant agreed that these were his concerns warranting a withdrawal of his guilty plea. The trial court passed the plea agreement form to the Defendant, which contained the Defendant's signature and the following agreed upon sentence:

> Count number one, sexual exploitation of minor over 100 images, class B felony, possession of pornography material. Must register as a sex offender. No Internet use for purposes of pornography. No contact with minors. The sentence is to run concurrent with case 507-2007 and federal sentence still being served. Total of eight years at 100 percent TDOC.

The Defendant agreed that he had read this sentence and that it was his signature on the document. He told the trial court, however, that it was his understanding that he would be "eligible for parole from the [Tennessee Department of Correction] to the Bureau of Prisons to begin my federal sentence because it is to run concurrent with the sentence." Further, he complained that his jail credit was not correct. The trial court agreed to review and correct any errors in the assessment of the Defendant's jail credit, but would not grant the Defendant's motion to withdraw his guilty plea. The trial court explained that the Defendant's claim that he understood he would be eligible for parole was contrary to the evidence and the plea agreement. It is from this judgment that the Defendant now appeals.

## II. Analysis

On appeal, the Defendant argues that it was error for the trial court to deny his motion to withdraw his guilty plea. Additionally, the Defendant raises for the first time on appeal three other issues: (1) the conviction was based upon an unconstitutional search and seizure; (2) the conviction was based upon a violation of his right against self-incrimination; and (3) the Defendant was denied the effective assistance of counsel. We will first address these three issues that are raised for the first time on appeal.

An appeal does not generally lie from a guilty plea conviction. *Ray v. State*, 224 Tenn. 164, 451 S.W.2d 854 (1970). Nevertheless, the Rules of Criminal Procedure do allow an appeal from a guilty plea in certain cases under very narrow circumstances. Tenn. R. Crim. P. 37. Under this rule, the only avenue for the Defendant to appeal from his guilty plea would be if, at the time he entered his guilty pleas, he had "explicitly reserved with the consent of the state and of the court the right to appeal a certified question of law that is dispositive of the case." Tenn. R. Crim. P. 37(b)(2)(i). The Defendant did not do this. The record is absent

any showing that there was a compliance with the formal steps required by Rule 37(b)(2)(i). Therefore, the Defendant has waived review of his claims that the conviction was based upon an unconstitutional search and seizure and that the conviction was based upon a violation of his right against self-incrimination. As to the Defendant's complaint of the ineffective assistance of counsel, because this issue is now being raised for the first time, there is no evidence in the record that addresses this complaint. Therefore, we cannot review this issue.

We now address the Defendant's appeal from the trial court's denial of his motion to withdraw his guilty plea. Once a defendant enters a guilty plea, it "cannot later be withdrawn as a matter of right." *State v. Mellon*, 118 S.W.3d 340, 345 (Tenn. 2003) (citing *State v. Turner*, 919 S.W.2d 346, 355 (Tenn. Crim. App.1995)); *State v. Crowe*, 168 S.W.3d 731, 740 (Tenn. 2005). Whether a defendant should be allowed to withdraw his guilty plea is within the sound discretion of the trial court. *Mellon*, 118 S.W.3d at 345-46 (citing *Henning v. State*, 201 S.W.2d 669, 671 (Tenn. 1947)). On appeal, "[t]he trial court's decision 'will not be reversed unless it clearly appears that there was an abuse of discretion.'" *Crowe*, 168 S.W.3d at 740 (quoting *Henning*, 201 S.W.2d at 671). "An abuse of discretion exists if the record lacks substantial evidence to support the trial court's conclusion." Id. (citing *Goosby v. State*, 917 S.W.2d 700, 705 (Tenn. Crim. App.1995)).

Rule 32(f) of the Tennessee Rules of Criminal Procedure provides the standards governing the withdrawal of a guilty plea. *Turner*, 919 S.W.2d at 354. The rule is as follows:

> (1) Before Sentence Imposed. Before sentence is imposed, the court may grant a motion to withdraw a guilty plea for any fair and just reason.

> (2) After Sentence But Before Judgment Final. After sentence is imposed but before the judgment becomes final, the court may set aside the judgment of conviction and permit the defendant to withdraw the plea to correct manifest injustice.

Tenn. R. Crim. P. 32(f). The rule dictates that one of two standards is to be applied, and which standard governs depends on whether a defendant moves to withdraw his guilty plea before or after sentence is imposed. *Crowe*, 168 S.W.3d at 740-41. As the Defendant in the present case moved to withdraw his guilty plea after the sentence was imposed, the latter, more stringent standard applies. Accordingly, the trial court should have allowed the guilty plea to be withdrawn only to correct a "manifest injustice." *See id.*; *see also* Tenn. R. Crim. P. 32(f)(2). Moreover, the Defendant had the burden of establishing that he should be allowed to withdraw his guilty plea to prevent a manifest injustice. *Turner*, 919 S.W.2d at 355.

In *Crowe*, our Supreme Court provided guidance as to when courts should find a

manifest injustice and allow the withdrawal of a guilty plea after sentence has been imposed:

> Although Rule 32(f) does not define "manifest injustice," courts have identified on a case by case basis circumstances that meet the manifest injustice standard necessary for withdrawal of a plea. *See Turner*, 919 S.W.2d at 355; *State v. Evans*, 265 Ga. 332, 454 S.E.2d 468, 473 (Ga. 1995). Withdrawal to correct manifest injustice is warranted where: (1) the plea was entered through a misunderstanding as to its effect, or through fear and fraud, or where it was not made voluntarily; (2) the prosecution failed to disclose exculpatory evidence as required by *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed.2d 215 (1963), and this failure to disclose influenced the entry of the plea; (3) the plea was not knowingly, voluntarily, and understandingly entered; and (4) the defendant was denied the effective assistance of counsel in connection with the entry of the plea. Although manifest injustice may exist in the absence of a constitutional violation, we agree with the Court of Criminal appeals that "[w]here there is a denial of due process, there is a 'manifest injustice' as a matter of law." *State v. Davis*, 823 S.W.2d 217, 220 (Tenn. Crim. App.1991) (quoting *United States v. Crusco*, 536 F.2d 21, 26 (3rd Cir. 1976)). In contrast, a defendant's change of heart about pleading guilty or a defendant's dissatisfaction with the punishment ultimately imposed does not constitute manifest injustice warranting withdrawal. *Turner*, 919 S.W.2d at 355.

168 S.W.3d at 741-43 (some citations, footnotes, and internal quotations omitted).

Based upon our review of the record, we conclude that the trial court acted within its discretion in denying the Defendant's motion to withdraw his plea. The trial court conducted a thorough inquiry into the Defendant's educational background, interaction with his attorney, current state of mind, and understanding of both the charges and consequences associated with entering a guilty plea. The Defendant testified that his attorney discussed and reviewed the charges and punishment with him. During the plea submission hearing, the Defendant twice acknowledged that his sentence was eight years to be served at 100%. At the hearing on the motion to withdraw, the only evidence submitted was the Defendant's assertion that he was dissatisfied with the sentence and wanted to serve his time in a federal prison rather than TDOC. The Defendant's issue with where he is serving his sentence is an administrative matter and does not constitute "manifest injustice" requiring the trial court to allow the Defendant to withdraw his guilty plea. *Crowe*, 168 S.W.3d at 740-41. Therefore, the trial court did not err in denying the Defendant's motion and the Defendant is not entitled to relief as to this issue.

### III. Conclusion

After a thorough review of the record and relevant authorities, we conclude that the trial court properly denied the Defendant's motion to withdraw his plea. Accordingly, we affirm the judgment of the trial court.

_____
ROBERT W. WEDEMEYER, JUDGE