**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER and COLVIN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**April 6, 2021**

# In the Court of Appeals of Georgia

A21A0352. CLINTON v. THE STATE.

COLVIN, Judge.

In December 2010, Rodney Daniel Clinton, Sr. entered an *Alford* plea[1] to two counts of incest and eight counts of child molestation. He was sentenced to a total of 40 years, with 15 to serve. Following the trial court's grant of his petition for an out-of-time appeal, Clinton challenges those convictions, arguing that they should be vacated because a manifest injustice occurred when he was allowed to plead guilty to a crime was not supported by a factual basis. For the following reasons, we reverse Clinton's conviction under Count One of the indictment alleging incest against his

---

[1] See North *Carolina v. Alford*, 400 U.S. 25, 38 (91 SCt 160, 27 LEd2d 162) (1970) (holding that a trial court can accept a guilty plea when there is a strong factual basis for the plea and the defendant clearly expresses a desire to enter it despite the defendant's claims of innocence).

step-granddaughter and remand the case for re-sentencing. We affirm his remaining convictions.

The record reflects that in 2010, Clinton entered an *Alford* plea to two counts of incest and eight counts of child molestation. He was sentenced to a total of 40 years, with 15 to serve. Count One of the accusation charged Clinton with incest for "unlawfully engag[ing] in sexual intercourse with [K. C.], accused's grandchild, knowing [he] was related to said grandchild by marriage[.]"[2] At the plea hearing, the State proffered that Clinton was the step-grandfather of the minor victim. However, at that time, the incest statute did not apply to step-grandparents. See OCGA § 16-6-22 (a); *Gordon v. State*, 327 Ga. App. 774, 777 (1) (c) (2014) ("Because Georgia's incest statute specifically refers to a brother and sister of the half blood, it necessarily excludes other, unmentioned half-blood relationships"); *Glisson v. State*, 188 Ga. App. 152, 152-153 (1) (372 SE2d 462) (1988) (evidence insufficient to prove incest where allegation involved a step relationship not specifically mentioned in OCGA § 16-6-22).

---

[2] Count 5 of the accusation charged Clinton with incest for "unlawfully enag[ing] in sexual intercourse with [G. C.], accused's grandchild, knowing [he] was related to said grandchild *by blood*[.]" (Emphasis supplied.)

2

In August 2017, Clinton filed a pro se "motion to vacate void and illegal sentence." This motion was not ruled upon. In January 2019, Clinton filed a pro se motion for leave to file an out-of-time appeal. After a hearing, the trial court issued a "consent order" on March 22, 2019, which vacated Count 1 of the accusation charging Clinton with incest.[3] The order held that

> the State conceded that the facts presented by the State at the plea hearing as to Count One in the accusation in which [Clinton] pled guilty did not legally establish the elements of the crime of incest. Therefore, the guilty plea as to Count One OCGA § is vacated[.] . . . All other remaining terms and conditions of the original sentence shall remain in full force and effect. [Clinton's] total sentence remains a total of 40 years with the first 15 years to be served in confinement and the remainder to be served on probation.

No ruling was made, however, on the motion for out-of-time appeal.

In May 2019, Clinton filed a pro se "motion to rehear motion for leave to file an out-of-time appeal." The trial court appointed appellate counsel and set the matter down for a final hearing. An order granting an out-of-time appeal was entered on April 10, 2020. A notice of appeal was filed on April 17, 2020.

---

[3] Although it is captioned as a "consent order," the order is signed only by the District Attorney and the trial court. Neither Clinton nor his counsel signed the order.

1. On appeal, Clinton correctly argues that the "consent order" vacating his incest conviction under Count One of the accusation is a nullity. We agree.

> Ordinarily a trial court's jurisdiction over a criminal case ends following a final conviction and the end of the term of court. For example, it is well settled that when the term of court has expired in which a defendant was sentenced pursuant to a guilty plea, the trial court lacks jurisdiction to allow the withdrawal of the plea. . . . A petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case. However, it is well-established that the trial court retains ongoing jurisdiction to correct a void or illegal *sentence*.

(Citation and punctuation omitted; emphasis in original.) *Collier v. State*, 307 Ga. 363, 374, n. 11 (834 SE2d 769) (2019). Accord *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009) ("a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case"). Accordingly, because the trial court did not have jurisdiction to enter the order vacating Clinton's conviction for incest on Count One, we vacate that order.

2. Clinton argues that there was an inadequate factual basis for Count One incest charge,"his convictions should be reversed to correct a manifest injustice." We agree in part, and reverse his conviction for incest under Count One.

When a defendant challenges the validity of a guilty plea, the State bears "the burden of showing that the plea was made intelligently and voluntarily." (Punctuation and footnoet omitted.) *Rios v. State*, __ Ga. App. __ (Case No. A20A1999, decided February 8, 2021). A trial court may accept an *Alford* plea "from a defendant who claims innocence if the defendant has intelligently concluded that it is in his best interest to plead guilty and the court has inquired into the factual basis for the plea and sought to resolve the conflict between the plea and the claim of innocence." (Punctuation and footnote omitted.) Id.

Clinton argues that the record shows the trial court failed to comply with Uniform Superior Court Rule 33.9, requiring that the trial court be satisfied there was a factual basis for the plea. USCR 33.9 provides that "[n]otwithstanding the acceptance of a plea of guilty, judgment should not be entered upon such plea without such inquiry on the record as may satisfy the judge that there is a factual basis for the plea." In the instant case, the State concedes that there was not a factual basis to support Count One of the accusation alleging incest.

However, "[h]aving determined that the record does not adequately demonstrate the factual basis . . . does not end our inquiry, [because] . . . not every violation of Rule 33.9 mandates the grant of a motion to withdraw a plea." (Footnote

5

omitted.) *State v. Evans*, 265 Ga. 332, 335 (3) (454 SE2d 468) (1995). "[A] violation of USCR 33.9 is examined under the analytical framework of 'manifest injustice,' see USCR 33.12[.]" (Citations omitted.) *Adams v. State*, 285 Ga. 744, 747 (4) (b) (683 SE2d 586) (2009). Our Supreme Court has held that withdrawal of a guilty plea is "necessary to correct a manifest injustice, if, for instance, a defendant is denied effective assistance of counsel, or the guilty plea was entered involuntarily or without an understanding of the nature of the charges." (Citation omitted.) *Evans*, 265 Ga. at 336 (3).

Our review of the record and applicable law reveals that a manifest injustice occurred in this case. Because Clinton was not related by blood to K. C., there was no possible factual basis to support Count One of the accusation. See OCGA § 16-6-22 (a); *Gordon ,* 327 Ga. App. at 774. Accordingly, we reverse Clinton's conviction on Count One of the accusation alleging incest against K. C., and remand for resentencing. See *Caldwell v. State*, 213 Ga. App. 531 (1) (445 SE2d 560) (1994) (a defendant's guilty plea was not freely and voluntarily made when the trial court failed to ascertain a factual basis for the plea).

However, because the trial court correctly found there to be a factual basis to accept Clinton's plea on the remaining charges against him, we do not reverse his conviction for the remaining incest and child molestation counts.[4]

*Judgment affirmed in part, reversed in part and case remanded for resentencing. Dillard, P. J., and Mercier, J., concur.*

---

[4] In its appellee brief, the State argues that the trial court erred in granting Clinton's motion for out of time appeal. However, the State did not file a cross-appeal. Therefore, we cannot consider this argument. See *Carter v. Murphey*, 241 Ga. App. 340, 343 (1) (526 SE2d 149) (1999).